**Jerry McCULLAR, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–83–032–CR to 2–83–034–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 2, 1983.

David B. Lobingier, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and HUGHES and ASHWORTH, JJ.

OPINION

HUGHES, Justice.

Jerry McCullar has appealed the revocation of his probation for the three offenses of burglary, burglary of a habitation, and

theft. On July 6, 1981, McCullar pled guilty to these charges which were tried together. At that trial, the court found McCullar guilty and as the result of a plea bargain agreement, assessed his punishment at ten (10) years confinement in the Texas Department of Corrections in each case. The court announced the sentences were to run concurrently. McCullar was then placed on probation for a period of ten (10) years.

On January 25, 1983, the State filed a Motion to Revoke Probation which alleged that McCullar had violated the terms of his probation by failing to pay court costs and probation fee and by committing an offense against the State while on probation. McCullar pled not true and after a hearing to the court his probation was revoked and he was sentenced to twenty-five (25) years confinement in the Texas Department of Corrections. McCullar was assessed punishment at ten (10) years for the theft charge, ten (10) years for the burglary of a habitation charge, and five (5) years for the burglary charge. The sentences were set to run consecutively.

We affirm the judgment as reformed.

McCullar raises one ground of error on appeal wherein he complains the trial court erred by cumulating McCullar's sentences at the probation revocation hearing where the original sentences were to run concurrently. He argues that this violates TEX. PENAL CODE ANN., Chapter 3 (Vernon 1974); TEX.CODE CRIM.PROC.ANN., Chapter Twenty-Six (Vernon 1966), Chapter Forty-Two (Vernon 1979), the Due Process Clause of the Fourteenth Amendment to the United States Constitution and TEX. CONST. art. I, sec. 19.

The State relies on the cases of *Gordon v. State,* 575 S.W.2d 529 (Tex.Cr.App.1978) and *Spencer v. State,* 503 S.W.2d 557 (Tex. Cr.App.1974) to support their position that the trial judge did have the power to cumulate the sentences after revoking McCullar's probation. They make the argument that under TEX.CODE CRIM.PROC. ANN. art. 42.12, sec. 3a (Vernon Supp.1982–1983) when a defendant is placed on probation the imposition of sentence is suspended

and sentence is not actually imposed until the probation is revoked, therefore, the trial judge is authorized to cumulate the sentences.

The court in *Gordon* and *Spencer* stated that "[s]ince . . . sentence was imposed for the first time following appellant's revocation, the court was free to cumulate the sentence with prior outstanding sentences." *Gordon, supra* at 535. In the present case, the trial judge announced the following from the bench:

Upon your pleas of guilty, I will find you guilty and assess your punishment at ten years in the penitentiary in each case to run concurrently. I will place you on probation for ten years.

We see no reason why the court could not cumulate McCullar's sentence at the probation revocation with a sentence for the new offense which caused the revocation of his probation. However, we hold it fundamentally unfair for the trial judge to announce that the three sentences would run concurrently and then change it later so that the sentences run consecutively. The vice of this procedure encourages a guilty plea with a promise not kept. The ground of error is sustained.

The judgment is ordered reformed to delete the cumulation recitals and the judgment is affirmed as reformed.