**Jerry McCULLAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 081–84, 082–84 and 083–84.**

Court of Criminal Appeals of Texas, En Banc.

July 18, 1984.

David B. Lobingier, Forth Worth (court appointed on appeal), for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, David H. Montague, Pamela Moore and Randell Means, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

On July 6, 1981, appellant pled guilty to three separate indictments for theft, bur-

glary, and burglary of a habitation. Punishment was assessed at ten years in each case but imposition of sentences was suspended and appellant was placed on ten years probation. Probation in the three convictions was revoked on February 3, 1983, and the trial court sentenced appellant to ten years in the theft conviction, ten years in the burglary of habitation conviction cumulated with the theft sentence, and five years[1] in the burglary conviction, cumulated with the burglary of a habitation sentence.

The Court of Appeals affirmed the convictions but set aside the cumulation orders. See *McCullar v. State,* 660 S.W.2d 602 (Tex.App.—Fort Worth 1983). We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that the trial court's cumulation of the sentences was "fundamentally unfair."

When the trial judge accepted appellant's guilty pleas in the three causes, he stated the following:

"Upon your pleas of guilty, I will find you guilty and assess your punishment at ten years in the penitentiary in each case *to run concurrently.* I will place you on probation for ten years." (emphasis supplied.)

The Court of Appeals held that it was "fundamentally unfair for the trial judge to announce that the three sentences would run concurrently and then change it later so that the sentences run consecutively. The vice of this procedure encourages a guilty plea with a promise not kept." *McCullar v. State,* supra, 660 S.W.2d at 603.

We first note that appellant does not contend, nor does the record before us show, that the trial court made a "promise" to sentence appellant concurrently upon revocation as a part of a plea bargain or otherwise. Appellant did not object to the imposition of consecutive sentences at the revocation hearing, but raised the issue for the first time on appeal.

■ *When sentence is imposed,* it is within the discretion of the court whether to cumulate sentences or not. Art. 42.08, V.A.C.C.P. In the instant case, the trial court at most indicated *when assessing punishment* and granting probation that if the sentences were later to be imposed, they would be concurrent. The trial court's statement that the "punishments" run concurrently, made *after* appellant pled guilty, was superfluous since the imposition of sentence is suspended when probation is granted. Art. 42.12, Sec. 3, V.A.C.C.P. Sentence is not imposed until probation is revoked in which case "the court may proceed to dispose of the case as if there had been no probation." Art. 42.12, Sec. 8(a), V.A.C.C.P. Under these circumstances, we fail to see how the trial court's statement constitutes "a promise not kept," so as to render the imposition of consecutive sentences "fundamentally unfair."

■ Upon revocation of probation in the three convictions, the trial court was authorized to impose the sentences consecutively by our holding in *Gordon v. State,* 575 S.W.2d 529 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing). In *Gordon* the defendant pled guilty to unauthorized use of a motor vehicle and theft, and was assessed a four-year probationary term in each case. As in the instant cases, neither the judgments suspending the imposition of sentences and placing the defendant on probation nor the orders placing the defendant on probation provided for the cumulation of the sentences upon a subsequent revocation. Nevertheless, we held that the trial court had the power to cumulate the two sentences after revocation of probation.

Appellant asks us to overrule *Gordon.* We decline to do so.

The judgment of the Court of Appeals is reversed in part, and the judgments and

---

1. The trial court reduced the term of years in the burglary conviction from 10 to 5 years. See

Art. 42.12, Sec. 8(a), V.A.C.C.P.

sentences as originally pronounced are affirmed.