NUMBERS 13-00-126-CR & 13-00-127-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________ 


LARRY DOUGLAS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

____________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


____________________________________________________________


OPINION



Before Chief Justice Valdez and Justices Hinojosa and

Rodriguez

Opinion by Chief Justice Valdez



 Appellant Larry Douglas pled guilty to theft of an automobile, had
his conviction deferred, and was placed on community supervision for
four years. Appellant was later indicted for a second theft. He pled
guilty without a plea agreement and was convicted. In a second hearing
immediately following his conviction, appellant pled true to the State's
motion to revoke his community supervision, and the court revoked his
community supervision. In each case, the Appellant was given a two
year sentence. The court ordered for him to serve each sentence
consecutively. Appellant raises four points of error. 

 In his first point of error, appellant argues that there is insufficient
evidence to support the conviction in the second theft case. We
disagree. Appellant's signed and sworn written judicial confession
admitting his guilt which he filed with the clerk is sufficient evidence to
support a guilty plea. Pitts v. State, 916 S.W.2d 507, 509-10 (Tex. Crim.
App. 1996); Jones v. State, 857 S.W.2d 108, 109-10 (Tex. App.--Corpus
Christi 1993, no writ). We overrule appellant's first point of error.

 In his second and fourth points of error, appellant argues that his
probation for the automobile theft case was improperly revoked because
the trial court failed to adjudicate him guilty of the offense and because
there was no evidence to support an adjudication. On violation of
deferred adjudication community supervision, a defendant is entitled to
a hearing limited to the determination of whether it proceeds with an
adjudication of guilt on the original charge. Tex. Code Crim. Proc. art.
42.12, §5(b) (Vernon Supp. 2001). No appeal may be taken from this
determination. Id. The reporter's record and the written judgment
signed by the trial judge both reflect that appellant was adjudicated
guilty of the original charge. Moreover, a plea of true, standing alone,
constitutes sufficient evidence to show appellant violated a condition of
probation. See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979). We overrule appellant's second and fourth points of error.

 In his third point of error, appellant argues that the trial court erred
by requiring him to serve his sentences consecutively instead of
concurrently. A trial court may cumulate sentences with a present
conviction after probation is revoked on a prior conviction. Tex. Code
Crim. Proc. art. 42.08 (a) (Vernon Supp. 2001); McCullar v. State, 676
S.W.2d 587, 588 (Tex. Crim. App. 1984). The validity of a cumulation
order is reviewed for an abuse of discretion. McCullar, 676 S.W.2d at
588; Burns v. State, 835 S.W.2d 733, 737 (Tex. App.--Corpus Christi
1992, pet. ref'd). We see no abuse of discretion. 

 We AFFIRM the judgment of the trial court.


 ________________________

 ROGELIO VALDEZ

 Chief Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 22nd day of February, 2001.