Nos. 04-01-00058-CR, 04-01-00059-CR, 04-01-00065-CR, and 04-01-00066-CR



Oscar FONSECA,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 9, Bexar County, Texas


Trial Court Nos. 708145, 715176, 718677, and 741546


Honorable Wayne A. Christian, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: September 12, 2001


AFFIRMED

 The State charged Appellant Oscar Fonseca with four misdemeanor offenses: three offenses
of driving while his privilege to drive had been lawfully suspended and one offense of theft of
service of the value of more than five hundred dollars but less than one thousand dollars. Pursuant
to a plea-bargain agreement, the trial court suspended Fonseca's sentences and placed him on
probation. Fonseca subsequently violated the terms of his probation and the State moved to revoke
his probation in all four cases. The trial court modified the terms of Fonseca's probation. Fonseca
violated the terms of his probation again. The trial court revoked his probation, imposed the original
punishments, and cumulated the sentences. (1) On appeal, Fonseca argues that the trial court
improperly cumulated the sentences. We disagree and overrule Fonseca's sole issue. (2)

 Fonseca argues that the trial court cannot add a cumulation order onto a sentence already
imposed after a defendant has suffered punishment under the sentence and that such an order is void.
Fonseca asserts in his brief that he had "served portions of the sentences and had suffered
punishment under those sentences" prior to the trial court's cumulation order. Fonseca does not cite
to the record in support of his assertion that he "had served time in the Bexar County Adult
Detention Center as a result of these sentences." From our review of the record, it appears that
Fonseca is referring to the December 2, 1999 "Order[s] Suspending Imposition of Sentence and
Granting Adult Probation." These orders modified the terms of Fonseca's probation, requiring him
to "submit to a period of detention in the Bexar County jail to serve a term of imprisonment not to
exceed thirty days; period of detention shall be for thirty days [work release] to begin [on December
6, 1999 at 5:00 p.m.]. Upon completing the term of imprisonment the defendant will immediately
report to the Bexar County Community Supervision and Corrections Department." 

 When a defendant has been convicted in two or more cases, the trial court's "judgment in the
second and subsequent convictions may either be that the sentence imposed or suspended shall begin
when the judgment and the sentence imposed or suspended in the preceding conviction has ceased
to operate, or that the sentence imposed or suspended shall run concurrently with the other case or
cases..." Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2001). Although the decision
to cumulate sentences is within the discretion of the trial court, the trial court has no discretion to
add a cumulation order to a sentence after a defendant has already served a part of the sentence
originally imposed by the court. O'Hara v. State, 626 S.W.2d 32, 34-35 (Tex. Crim. App. 1981);
Ex parte Reynolds, 462 S.W.2d 605, 608 (Tex. Crim. App. 1970). The court of criminal appeals has
reasoned that if a trial court was allowed to enter such a cumulation order, the defendant's
constitutional right not to be punished twice for the same offense would be violated. Ex parte
Reynolds, 462 S.W.2d at 607 (quoting Turner v. State, 116 Tex. Crim. 154, 31 S.W.2d 809, 810
(1930)). 

 When the trial court suspends a sentence and instead places the defendant on probation, no
sentence has been imposed. Worthington v. State, 38 S.W.3d 815, 819 (Tex. App.--Houston [14th
Dist.] 2001, pet. filed); Amado v. State, 983 S.W.2d 330, 331 (Tex. App.--Houston [1st Dist.] 1998,
pet. ref'd); Burns v. State, 835 S.W.2d 733, 737 (Tex. App.--Corpus Christi 1992, pet. ref'd). The
sentence is imposed for the first time when probation is revoked. Worthington, 38 S.W.3d at 819;
Amado, 983 S.W.2d at 331; Burns, 835 S.W.2d at 737. The trial court may cumulate these sentences
after probation is revoked even though the judgments suspending the imposition of the original
sentences and ordering probation do not provide for the cumulation of the sentence. McCullar v.
State, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984). However, under shock probation, the defendant
actually begins to serve his sentence. See Tex. Code Crim. Proc. Ann. art. 42.12 §§ 6,7 (Vernon
Supp. 2001). The defendant can then move to suspend further execution of the sentence and request
that the trial court grant continuing jurisdiction community supervision, i.e. probation. See id. Thus,
if the trial court places an accused on shock probation, it does not suspend the sentence; rather, it
"suspend[s] further execution of the sentence." Tex. Code Crim. Proc. Ann. art. 42.12, §§ 6(a),
7(a) (Vernon Supp. 2001) (emphasis added). "Since a defendant must actually serve a portion of his
sentence before being placed on probation..., upon the revocation of that probation the convicting
court has no power to cumulate any sentence not originally ordered to be served cumulatively."
O'Hara, 626 S.W.2d at 35. 

 Defendant relies heavily upon O'Hara to support his argument that he had already served part
of his sentence, comparing shock probation to work release. Unlike shock probation, however, work
release in this case was a condition of community supervision. See Order Suspending Imposition of
Sentence and Granting Adult Probation. During the period of time Fonseca was in the work release
program, he was on community supervision and was not serving part of his sentence. Therefore,
Fonseca's argument fails.

 Additionally, Fonseca argues that the plea-bargain agreements provided that the trial court
assess concurrent sentences. The plea-bargain agreements are not included in the record on appeal.
We requested the county clerk to supplement the record, but were informed that there were no plea-bargain agreements in the clerk's file. We then requested the court reporter to transcribe the court
proceedings related to Fonseca's pleas of guilty. On April 7, 1999, Fonseca pled guilty to Cause
Nos. 708145, 715176, and 718677. The trial court asked the parties if there was a plea-bargain
agreement with regard to these cases. The State responded that the parties had agreed to everything
"except the jail condition." The State told the trial court the terms of the agreements for each case.
The trial court asked Fonseca, "Defense, is all that correct except for the jail issue?" Fonseca's
attorney responded that the terms were "correct." At no time did the State, the trial court, or Fonseca
mention that the plea-bargain agreements required the sentences to run concurrently. Thus, it was
not "fundamentally unfair" for the trial court to run these sentences consecutively.

 On December 1, 1999, Fonseca pled guilty to Cause No. 741546. The trial court asked the
parties if there was a plea-bargain agreement. The State answered in the affirmative and stated that
the terms of the agreement were "180 days probated for six months, a $300.00 fine, plus court costs,
24 hours of community service, and SR compliance." The trial court asked Fonseca if the State had
correctly announced the terms of the agreement. Fonseca's attorney replied that those were indeed
the terms. Then the trial court asked, "And it's going to run concurrent with these three other cases,
apparently?" Fonseca's attorney responded, "Yes, sir." The trial court then accepted Fonseca's plea,
found him guilty, and sentenced him to "six months in the Bexar County Jail, probated for six
months, a $300.00 fine, plus court costs, 24 hours of community service, SR-22/32 compliance.
This case will run concurrent with 708145, 715176, and 718677." At this stage in the proceedings,
the plea-bargain agreement dictated that the probated sentence in Cause No. 741546 run
concurrently with the other cases. In other words, Fonseca would not be subjected to consecutive
periods of probation. When the trial court accepted the plea-bargain agreement and probated
Fonseca's sentence to run concurrently with the other probated sentences, Fonseca received the
benefit of his bargain. 

 When a defendant is placed on community supervision and punishment is assessed in
multiple cases, the trial court is authorized at that time to provide that the community supervision
terms will run concurrently or consecutively. See Tex. Code Crim. Proc. Ann. § 42.08(a). That
decision has no relationship to the decision of whether, if the community supervisions are revoked,
the prison or jail sentences will run concurrently or consecutively. 43 George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 38.211 (2001). At the time a
defendant is placed on community supervision, no decision has been made as to whether the
punishments assessed will run concurrently or consecutively, as any such decision would be
premature. Id. Upon revocation of community supervision, the punishments imposed may run
consecutively. It makes no difference whether the original community supervision terms were to run
concurrently or consecutively. Gordon v. State, 575 S.W.2d 529, 535 (Tex. Crim. App. 1979) (on
motion for rehearing). It is not until the trial court revokes the community supervisions and imposes
the sentences that the question of whether the sentences will run concurrently or consecutively arises.
Tex. Code Crim. Proc. Ann. art. 42.08(a). When the trial court places the defendant on community
supervision, even if it announces that it will impose concurrent sentences if the community
supervision is revoked, the court is still free later to impose consecutive sentences upon revocation.
See McCullar v. State, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984). The question is simply not
ripe for decision until the trial court revokes community supervision and imposes the sentences. 43
George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure
§ 38.211 (2001). Thus, the plea-bargain agreement could not have dictated whether the trial court
would impose consecutive or concurrent sentences upon revocation. 

 Further, Fonseca argues that "it is fundamentally unfair for an accused to be sentenced to
consecutive terms of confinement following the revocation of probated sentences which were
originally ordered to be served concurrently." In McCullar v. State, 676 S.W.2d 587, 587 (Tex.
Crim. App. 1984), the defendant pled guilty to three separate indictments. The trial court assessed
punishment at ten years in each case to run concurrently with one another, suspended the imposition
of the sentence, and placed the defendant on probation for ten years. Id. at 588. The trial court then
revoked the defendant's probation and cumulated the sentences. Id. The defendant argued on
appeal, and the court of appeals agreed, that it was fundamentally unfair for the trial court to
announce that the sentences would run concurrently and then, after revocation, order that the
sentences run consecutively. Id. The court of criminal appeals reversed the court of appeals, noting
that the record did not show that the trial court promised to sentence the defendant concurrently upon
revocation as a part of a plea bargain or otherwise. Id. The court stated, 

 The trial court's statement that the "punishments" run concurrently, after appellant
pled guilty, was superfluous since the imposition of sentence is suspended when
probation is granted. Sentence is not imposed until probation is revoked in which
case "the court may proceed to dispose of the case as if there had been no probation.
 


Id. (emphasis in original) (citations omitted) (internal quotation marks omitted). The court of
criminal appeals failed "to see how the trial court's statement constitutes 'a promise not kept,' so as
to render the imposition of consecutive sentences 'fundamentally unfair.'" Id. Likewise, in the
instant case, the record does not indicate that the trial court "promised" to sentence Fonseca
concurrently upon revocation of his probation. Therefore, the trial court's actions were not
"fundamentally unfair."

 We overrule Fonseca's sole issue and affirm the judgments of the trial court.

 

 Alma L. López, Justice

DO NOT PUBLISH
1. With regard to the theft offense, Fonseca was sentenced to one year in jail. With regard to the suspended
licence offenses, Fonseca was sentenced to six months in jail, one year in jail, and six months in jail, respectively. The
trial court ordered that these sentences run consecutively.
2. In the third to last paragraph of his brief, Fonseca states, "Appellant would additionally urge that the cumulation
of terms of confinement for his four misdemeanor convictions is cruel and unusual punishment in violation of U.S.
Const. amend. VIII." Appellant did not brief this conclusory assertion as a separate issue, did not discuss any facts in
support of it, nor did he cite any relevant case law. Therefore, we find that this bald assertion has not been properly
briefed, and we will not consider it on appeal. See Tex. R. App. P. 38.1.