Reversed and Remanded in Part, Affirmed in Part, and Opinion filed
February 24, 2008








 

Reversed
and Remanded in Part, Affirmed in Part, and Opinion filed February 24, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00119-CR 

NO. 14-08-00120-CR

____________

 

DALLAS LOWELL BAKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 1148754,
1148755

 



 

O P I N I O N








Appellant, Dallas Lowell Baker, appeals from his two
convictions for online solicitation of a minor under section 33.021 of the
Texas Penal Code.  After finding appellant guilty of both offenses, the jury
assessed appellant=s punishment for one offense at five years
confinement in the institutional division of the Texas Department of
Corrections.  For the other offense, the jury assessed punishment at five years
confinement in a state jail facility and a $10,000 fine and recommended that
appellant be placed on community supervision and the fine probated.  In a
single issue on appeal, appellant contends the sentence of five years for a
state jail felony is void and illegal.  On that basis, he prays for reversal
and remand for a new punishment hearing on both convictions.  We reverse and
remand for a new punishment hearing only regarding the state jail felony
conviction.  We affirm the other conviction and punishment.

Discussion

The parties are well-acquainted with the facts of this
case, so we will not recount them here.  The jury charge on punishment in cause
number 1148754 informed the jury that the offense was a felony punishable by
between two years and twenty years in the Institutional Division of the Texas
Department of Corrections plus a fine of up to $10,000.  The jury assessed five
years= incarceration as
punishment, and the judge pronounced and entered judgment in keeping with the
jury=s assessment.  In
cause number 1148755, the charge on punishment informed the jury that the
offense was a state jail felony, punishable by between 180 days and two years
in a state jail facility plus a fine of up to $10,000.  The jury assessed five
years and a $10,000 fine as punishment but recommended that appellant be placed
on community supervision and the fine probated.  After the trial judge orally
pronounced sentence in keeping with the two verdicts and dismissed the jury,
the judge entered a written judgment listing the sentence in cause number
1148755 as two years (instead of the jury-assessed five years) in a state jail
facility plus a $10,000 fine, with community supervision and probation for five
years.[1]








In his brief, appellant argues that the jury=s assessment, as
well as the trial court=s oral pronouncement, of five years
incarceration as punishment for the state jail felony was void and illegal
because it was outside the statutory range for state jail felonies.  See
Tex. Penal Code Ann. ' 12.35(a)
(providing that a state jail felony is generally punishable by confinement for
a term of not more than two years or less than 180 days); Mizell v. State,
119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (AA sentence that is
outside the maximum or minimum range of punishment is unauthorized by law and
therefore illegal.@); Speth v. State, 6 S.W.3d 530,
532-33 (Tex. Crim. App. 1999) (A[A] defendant has an absolute and
nonwaiveable right to be sentenced within the proper range of punishment
established by the Legislature.@).  Appellant further argues that the
trial court was without authority to correct the error by simply inserting an
appropriate sentence in the judgment and that this court is also without
authority to reform the verdict.  See, e.g., Coffey v. State, 979
S.W.2d 326, 328-29 (Tex. Crim. App. 1998) (Awhen there is a
variation between the oral pronouncement of sentence and the written
memorialization of the sentence, the oral pronouncement controls. . . .  Any
subsequent deviation from that sentence, i.e. either a decrease or
increase, could not supersede what had already been imposed in open court.@); Ex parte
McIver, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (ACourts have no
power to change a jury verdict unless it is with the jury=s consent and
before they have dispersed.@); see also George E. Dix &
Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure '' 43.494 and 43.496
(2d ed. 2001 & Supp. 2007-2008) (discussing general rule that appellate
courts cannot reform a sentence to conform with the proper statutory range). 
Appellant additionally argues that because of the uncertainty generated by the
jury=s void and illegal
sentence in cause number 1148755, the judgments in both cases below, cause
numbers 1148755 and 1149754, should be reversed and remanded for a new trial on
punishment.[2]








In response, the State argues that a void or illegal
sentence was not imposed in cause number 1148755 because, in fact, no sentence
was imposed in that cause; instead, the jury recommended and the trial court
granted community supervision of the state jail term and probation of the
fine.  According to the State, because community supervision and probation
operated to suspend imposition of the sentence, no sentence was actually
imposed, and nothing void or illegal occurred.[3]

We agree with appellant=s first two
argumentsCthat the jury=s assessment and
the trial court=s pronouncement of five years
incarceration for the state jail felony was void as being outside the statutory
range and that the trial court and this court are without authority to correct
the error by reformation of the sentence.  As a consequence, we reject the
State=s argument that
the grant of community supervision abrogates any illegality.  The Court of
Criminal Appeals has consistently held that a sentence outside the proscribed
punishment range is void and illegal.  See, e.g., Mizell, 119 S.W.3d at
806 & n.7 (citing cases from 2002, 2001, 1996, and 1979).  An illegal
sentence Ahas no legal effect.@  Id. at
806.  Any court with jurisdiction can notice and take action upon an illegal or
void sentence at any time, even sua sponte.  Id. at 805-07.  Heedless of
this well-established line of authority, the State argues that an order for
community supervision contemplates an uncorrected illegal punishment and a void
sentence remaining in a judgment until such time as the defendant violates his
or her probation and sentence is imposed.  The State bases this argument on the
notion that an order of community supervision suspends imposition of the
underlying sentence.  While true when the sentence is legal and not void, the
State=s argument begs
the question of how an order of community supervision could suspend the
imposition of a void sentence.  Logically, an order of community supervision
cannot suspend a sentence that was of no legal effect at the time of
pronouncement.  See Speth, 6 S.W.3d at 532 (holding that a sentence and
an order for community supervision are two separate parts of a criminal
judgment).








Contrary to the State=s suggestion
otherwise, when a sentence includes an unauthorized punishment, it is not the
imposition of the sentence that is void and illegal, it is the sentence
itself.  See Mizell, 119 S.W.3d at 806 & n.7.  Given that (1) a
defendant has Aan absolute and nonwaiveable right to be sentenced
within the proper range of punishment,@ Speth, 6
S.W.3d at 532-33; (2) an illegal sentence Ahas no legal
effect,@ Mizell,
119 S.W.3d at 806; and (3) any court with jurisdiction may notice and take
action upon a void or illegal sentence at any time, id. at 805-07, we
hold that an order of community supervision does not require a void or illegal
sentence to remain uncorrected unless and until revocation and the imposition
of the sentence.[4] 
Consequently, we further hold that the trial court erred in pronouncing a void
and illegal sentence in cause number 1148754 and in entering a different
punishment in the written judgment.








Lastly, we turn to appellant=s contention that
the uncertainty generated by the void and illegal sentence in cause number
1148755 warrants a new punishment trial in both cause number 1148755 and cause
number 1149754.  We disagree.  Nothing in the record suggests jury confusion
regarding cause number 1149754.  The punishment assessed in that cause was
within the statutory range, even on the low end.  The fact that the jury did
not recommend community supervision in cause number 1149754, while it did in
cause number 1149755, indicates separate consideration of each cause.  We find
no basis in the record for reversal of the judgment in cause number 1149754.  See
Splawn v. State, 160 S.W.3d 103, 115 (Tex. App.CTexarkana 2005,
pet. ref=d) (reversing and
remanding only the cause for which an inappropriate punishment was assessed and
affirming the punishment assessed in the other cause).

We reverse the trial court=s judgment in
cause number 1148755 and remand that cause for a new punishment trial.  We
affirm the trial court=s judgment in cause number 1149754.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Publish C Tex. R. App. P. 47.2(b).









[1]  It should be noted that appellant was charged and
convicted under a prior version of section 33.021.  See Act of June 18,
2005, 79th Leg., R.S., ch. 1273, ' 1,
2005 Tex. Gen. Laws 4049, 4050.  The current version does not impose any
penalty less than a third degree felony (i.e., state jail felony
punishment is no longer an option).  Tex.
Penal Code Ann. ' 33.021.





[2]  In support of this latter contention, appellant
cites principally Splawn v. State, 160 S.W.3d 103, 108 (Tex. App.CTexarkana 2005, pet. ref=d), suggesting that it supports the notion that when a jury assesses an
improper punishment on one offense, there can also be no certainty in the
verdict in a separate cause tried at the same time.  The court of appeals in Splawn,
however, actually reversed and remanded only the cause for which an
inappropriate punishment was assessed, affirming the conviction and punishment
in the other cause.  Id. at 115.





[3]  In support of its argument, the State cites Green
v. State, 706 S.W.2d 653, 656 (Tex. Crim. App. 1986), and McCullar v.
State, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984).  In these cases, the
Court of Criminal Appeals explained that a grant of probation is not part of
the sentence or punishment but constitutes a separate part of a judgment, which
operates to suspend imposition of the sentence.  Green, 706 S.W.2d at
656-57; McCullar, 676 S.W.2d at 588.





[4]  Although we have found no other cases addressing the specific argument
raised here by the State, reasoning by other courts has held consistent with
our conclusion.  In State v. Marroquin, the Amarillo Court of Appeals
reversed and remanded for a new punishment hearing because the sentence was
outside the range of punishment, even though the sentence had been suspended
and the defendant placed on community supervision.  253 S.W.3d 783, 784-85
(Tex. App.CAmarillo 2007, no pet.).  In State
v. Dudley, the Tyler Court of Appeals held that a sentence was not void
because it was within the statutory range even though a community supervision
order had suspended its imposition.  223 S.W.3d 717, 722 (Tex. App.CTyler 2007, no pet.).  In Rohret
v. State, the Dallas Court of Appeals held that the judgment did not
contain an illegal punishment or void sentence even though imposition of part
of the sentence had been suspended.  41 S.W.3d 218, 223 n.7 (Tex. App.CDallas 2001, no pet.).