**Jesse Adam BRUMLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–10–00354–CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 17, 2011.

Decided Feb. 1, 2012.

Bruce A. Hoffer, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This appeal arises from the trial court's decision to impose consecutive sentences when the defendant's written plea agreement provided that his sentences were to run concurrently. In carrying out a plea-bargain agreement, Jesse Adam Brumley pled "no contest" to felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b) (West Supp. 2011).[1] The trial court assessed Brumley's punishment at ten years in prison, but suspended the imposition of Brumley's sentence and placed him on community supervision for ten years. The State subsequently filed a motion to revoke Brumley's placement on community supervision. During the revocation hearing, Brumley pled "true" to having violated four terms of the trial court's community supervision order. At the conclusion of the revocation hearing, the trial court found that Brumley had violated the community supervision order, revoked Brumley's community supervision, imposed punishment at ten years in prison, and ordered that Brumley serve his sentence in this case after completing his sentence in trial cause number 97980.

Brumley appeals the judgment that the trial court signed after the revocation hearing, arguing that the prosecutor failed to advise the trial court of its agreement to recommend that his sentence in this case, trial cause number 99425, run at the same time as his sentence in trial cause number 97980. Brumley contends that the agree-ment under which he had pled guilty pro-vides that the sentence in this case would run concurrently with his sentence in trial cause number 97980. According to Brum-ley, because the prosecutor is bound by any promises made that induce a defen-dant to waive his rights and to plead guilty, the prosecutor, during the revoca-tion hearing, is required to remind the trial court of the terms of a plea agree-ment. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any signifi-cant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

The written agreement in place before Brumley appeared at the plea hearing and pled no contest reflects that Brumley was to receive deferred adjudication, a $1,000 fine, a sentence of ten years, and his sen-tences were to run concurrently. Howev-er, the parties dispute whether that agree-ment obligated the State to recommend concurrent sentencing following a defen-dant's being placed on community supervi-sion and where, due to having been placed on community supervision, the sentence is not at that time imposed.

Significantly, in Brumley's case, we note that the trial court did not defer the adju-dication of Brumley's guilt, as agreed to by Brumley under the terms of his written plea agreement; instead, the court accept-ed Brumley's plea of no contest, found him guilty, and placed him on probation. Thus, the hearing from the plea proceed-ing reflects the trial court did not follow the terms of the written plea agreement, as the trial court did not defer the adjudi-cation of Brumley's guilt. In this regard,

1. Even though the Legislature amended these provisions of the Texas Penal Code and Texas Code of Criminal Procedure in 2011, we cite the current versions because the 2011 amend-ments do not affect the outcome of this ap-peal.

the record of the plea hearing reflects the following:

> THE COURT: You've entered into a proposed plea bargain agreement with the State. The proposal is that I find you guilty, assess your punishment at ten years' confinement in the Institutional Division, suspend the imposition of that sentence, place you on probation for a ten-year period and assess a $1,000.00 fine. Is that your understanding of the agreement in this case?
>
> [Brumley]: Yes, sir.
>
> . . .
>
> THE COURT: I'll accept your plea in [this] case, reset you for sentencing on April 2nd at 9:30. We'll get a P.S.I. report.

The record of the plea hearing also shows that no one advised the trial court that the terms that it had just announced differed from the terms contained in Brumley's written plea agreement. Following his plea hearing, Brumley did not appeal and assign as error a claim that the trial court had refused to follow the terms of Brumley's written plea agreement; nor did Brumley, at the plea hearing, ask that he be allowed to withdraw his plea. Because the trial court announced terms that varied from the terms of Brumley's written plea agreement, we conclude the trial court implicitly rejected Brumley's plea agreement. As a result, on rejecting Brumley's written plea, the trial court was then required to allow Brumley an opportunity to withdraw his plea. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2011). However, the record shows that Brumley did not attempt to withdraw his plea during the plea proceedings, nor did he subsequently attempt to do so during his revocation hearing. Had Brumley wanted to raise an issue regarding the trial court's failure to allow him to withdraw his plea, he should have appealed that issue when his community supervision was imposed, not after it was revoked. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 23(b) (West Supp. 2011); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999).

With respect to whether Brumley could have reasonably expected to rely on the terms of a plea agreement that the trial court apparently chose to disregard, the agreement orally pronounced at the plea hearing contains no promise that Brumley would receive concurrent sentences in the event that he failed to successfully complete the terms imposed on him by the community supervision order. During the plea hearing, and after the trial court announced that it intended to adjudicate Brumley's guilt, Brumley advised the trial court that he agreed to the trial court's terms. We conclude that Brumley agreed to accept the trial court's offer to find him guilty at the plea hearing and place him on probation.

Neither party objected to the variance between the written plea agreement and the agreement that the trial court pronounced at the plea hearing; as a result, we conclude that the parties expressly agreed to the terms pronounced by the trial court in open court. The terms of the agreement announced by the trial court did not include any promise regarding concurrent sentences. Because none of the terms of the written plea agreement remained in effect after the trial court implicitly rejected the parties written agreement, the State was not required to bring the terms of an agreement that had been rejected to the trial court's attention during Brumley's revocation hearing. We are not persuaded that Brumley failed to receive the benefits of the plea agreement that the trial court orally pronounced. Ac-

cordingly, we overrule Brumley's sole issue and affirm the trial court's judgment.

AFFIRMED.