

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00017-CR

JIMMY TENOLA MICHEAUX, SR., Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 28613

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Jimmy Tenola Micheaux, Sr., was convicted by a jury of two counts of aggravated sexual assault of a child.[1] The jury assessed punishment at five years on each count and recommended that sentences be suspended and Micheaux be placed on community supervison. The sentences were suspended, and Micheaux was placed on community supervision for a period of ten years.[2] Approximately five years later, Micheaux's community supervision was revoked, and he was sentenced to five years' imprisonment on each count of aggravated sexual assault. The judgment of revocation indicates that each sentence is to run consecutively.[3] We affirm the judgment of the trial court.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012).

[2]Article 42.12 of the Texas Code of Criminal Procedure does not currently permit the imposition of court-ordered or jury recommended community supervision when the defendant has been adjudged guilty of aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(a)(1)(E), 4(d)(5) (West Supp. 2012). In 1991, the Legislature eliminated the option of court-ordered community supervision for aggravated sexual assault. Act of May 25, 1991, 72d Leg., R.S., ch. 541, § 1, 1991 Tex. Gen. Laws 1876 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E)). In 2007, the Legislature eliminated the option of jury recommended community supervision for a defendant convicted of aggravated sexual assault of a child. Act of May 17, 2007, 80th Leg., R.S., ch. 593, § 1.06, 2007 Tex. Gen. Laws 1123 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 4(d)(5)). Micheaux was convicted on March 8, 2007, for an offense occurring in 2001, prior to the effective date of the 2007 change in the law.

[3]Under Section 3.03 of the Texas Penal Code, the trial court had the discretion to impose either concurrent or consecutive sentences. TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2012). Until 1995, Section 3.03 required sentences for multiple offenses prosecuted in a single trial to run concurrently. *Owens v. State*, 96 S.W.3d 668, 571 (Tex. App.—Austin 2003, no pet.). In that year, the Legislature amended Section 3.03 to imbue the trial court with the discretion to impose consecutive sentences for multiple intoxication manslaughter convictions prosecuted in a single trial. Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 1995 Tex. Gen. Laws 3435 (current version at TEX. PENAL CODE ANN. § 3.03(b)(1) (West Supp. 2012)). In 1997, the Legislature further amended Section 3.03 to imbue the trial court with the discretion to impose consecutive sentences when the defendant was convicted of aggravated sexual assault of a victim younger than seventeen, among others. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251 (current version at TEX. PENAL CODE ANN. § 3.03(b)(2)(A)).

On appeal, Micheaux claims the trial court was not impartial in its decision to stack the two five-year sentences,[4] thereby violating his due process rights by failing to function as an impartial tribunal.[5] Micheaux's contentions are based on the trial court's reaction to the original sentence and to Micheaux's apparent inability to comply with the terms of his community supervision. After the evidence and final statements of counsel were presented at the revocation hearing, the trial court emphasized to Micheaux that it is unusual for a defendant to receive community supervision for the first degree felony offense of aggravated sexual assault of a child:

> Jimmy, I'm telling you, I'm disgusted, and you don't seem to get it. . . . Most men would be running and doing anything they could. You just got manna from Heaven. I mean, this jury - - gosh, with what they found you guilty of . . . [y]ou could have got life in prison, and they didn't do it. And then they put you on probation, and then they file a Motion To Revoke it, and you got by with that again, and here we are on the same thing.

The court expressed exasperation at Micheaux, who, after having received a sentence of 180 days in the Anderson County Jail in 2010[6] in lieu of revocation at that time, was now back in court on a second motion to revoke. After the trial court granted the motion to revoke, the attorneys asked to present briefs on the propriety of concurrent sentencing. The court agreed to consider the arguments and set the sentencing hearing for a later date, but commented:

[4]Micheaux also implies that the trial court's sentence was predetermined.

[5]Micheaux's brief does not rely on a specific provision of either the United States or the Texas Constitution. The index of authorities cites the Eighth Amendment to the United States Constitution and the corresponding provision of the Texas Constitution. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. The content of these provisions is not mentioned or argued in the brief.

[6]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

3

Well, Jimmy, I'm going to tell you something. You screwed up. You don't get it. You really don't. You still don't get it . . . .

. . . .

Jimmy, . . . I don't know what to do with you. I can't believe they gave you --

. . . .

I want to tell you something, and you understand this.

. . . .

You are going to prison. The question is how long.

. . . .

And you had it beat.

Micheaux concedes that he failed to raise his due process claims in the trial court,[7] but claims that we should reach the merits of his complaint because there is no requirement to object to the neutrality of the trial court at the time of the hearing to preserve error. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In that case, Brumit relied on holdings from the United States Supreme Court and Texas courts in arguing that comments by the trial judge constituted fundamental error, relieving him of the requirement to object in the trial court. *See Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (trial court's comments to venire that "vitiated the presumption of innocence" before venire were fundamental error of constitutional dimension and required no objection); *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *modified on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)

---

[7]These claims were not made at sentencing, and no motion for new trial was filed.

4

(Except for structural errors, "no error . . . is categorically immune to a harmless error analysis."); *see also United States v. Olano*, 507 U.S. 725, 735–36 (1993).

The *Brumit* Court reitereated its *Marin* holding by stating, "'[O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.'" *Brumit*, 206 S.W.3d at 644 (quoting *Marin*, 851 S.W.2d at 275). "All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong[,]" including "[m]any constitutional rights." *Marin*, 851 S.W.2d at 279. Absolute requirements and prohibitions include jurisdictional issues and the Separation of Powers Section of the Texas Constitution. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002), *modified sub silencio by Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Examples of rights that are waivable-only include the rights to the assistance of counsel and to trial by jury. *Saldano*, 79 S.W.3d at 888. The *Brumit* court determined that it need not address the preservation issue because the remarks by the trial court in that case did not reflect partiality of the trial court.

The parties have a right to a fair trial. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). One of the most fundamental components of a fair trial is a neutral and detached judge. *Id*. A judge should not act as an advocate or adversary for any party. *Id*. Improper conduct or comments of the trial court mandate reversal only when the record reflects that judicial impropriety was in fact committed, resulting in probable prejudice to the complaining party.

5

Here, the record neither shows bias nor partiality on the part of the trial court, nor does the record show that the trial court predetermined Micheaux's sentence.[8] Annoyance or disgust with a defendant who, despite having been given community supervision for a first degree felony, refuses to abide by the terms of that supervision on two separate occasions, does not reflect bias. The reaction of the judge appears to be one of incredulity, not bias. Moreover, the trial court had discretion to stack the two five-year sentences. *See McCullar v. State*, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984) (en banc) (trial court may cumulate sentences after probation revocation even though judgments suspending imposition of original sentences and order of probation do not provide for stacked sentences).

Because the record does not reflect partiality of the trial court or that a predetermined sentence was imposed, we need not decide whether an objection was required to "an error of this nature on appeal." *Brumit*, 206 S.W.3d at 644–45.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     July 1, 2013
Date Decided:       July 3, 2013

Do Not Publish

---

[8]After the State requested consecutive sentences, the trial court adjourned and returned on a later date to consider whether consecutive sentencing was appropriate. Nothing in the record indicates that the trial court was predisposed to consecutive sentencing.