# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00459-CR

**Alexander Dolan Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 38876, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alexander Dolan Davis appeals the district court's judgment revoking community supervision. In his sole issue, appellant contends that the district court erred in granting the State's motion to cumulate sentences. *See* Tex. Code Crim. Proc. art. 42.08(a). Because we conclude that the district court did not err in granting the State's motion, we affirm the judgment.[1]

In February 2012, appellant pled guilty and was placed on community supervision for the felony offense of assault of a family member by impeding breath or circulation. *See* Tex. Penal Code § 22.01(a), (b)(2)(B). At that time, he already was on community supervision for a 2008 aggravated robbery conviction. *See Davis v. State*, No. 03-13-00460-CR,

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

2014 Tex. App. LEXIS 9065 (Tex. App.—Austin Aug. 15, 2014, no pet.) (mem. op., not designated for publication).

On June 24, 2013, the district court in two separate hearings considered the State's motions to revoke appellant's community supervision in the 2008 aggravated robbery case and then in this case. In the aggravated robbery case, the trial court revoked appellant's community supervision and assessed punishment at six years' confinement. *See id*. (affirming judgment that revoked community supervision and assessed punishment at six years' confinement). The district court in its judgment revoking community supervision in this case assessed punishment at ten years' confinement and ordered the sentence to begin when the sentence in the 2008 aggravated robbery case had ceased to operate. By written order, the district court also granted the State's motion to cumulate the sentences in the two cases.

In this appeal, appellant challenges the cumulation order only; he does not challenge the revocation of his community supervision. He argues that the district court erred when it granted the State's motion to cumulate the sentences because: (i) the district court was bound by appellant's plea agreement, which he contends included an agreement for concurrent sentences; (ii) the original judgments ordering that the sentences be probated also ordered the sentences to run concurrently; (iii) he was entitled to notice that his sentences would run consecutively at the time he was placed on community supervision; and (iv) cumulation of his sentences at revocation was in effect an increase in his punishment not allowed by law. He seeks for this Court to vacate the cumulation order and reform the judgment to order his sentences to run concurrently.

2

Appellant's argument is premised on an alleged plea agreement between the parties that any future sentences would run concurrently in the event that his community supervision was revoked. *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971) (requiring sentence to be vacated and remanded to trial court when plea bargain is not followed to determine if specific performance of plea agreement should be required or if plea should be withdrawn). Appellant focuses on the phrase of "shall run concurrent with [the aggravated robbery case]" in the written plea agreement paperwork. The record, however, does not support appellant's interpretation of this phrase. The phrase was part of handwritten terms that the State agreed to recommend, which terms stated in their entirety:

> (10) ten years probated for (7) seven years; $1,000.00 fine; court costs; court appointed attorney fees; conditions of probation are to include the following: batterers intervention, victim impact panel, anger management, sign Hippa [sic] release for CSCD to access counseling and medication records, complete psychological evaluation and comply with all recommendations, and take medicines as prescribed; shall run concurrent with [aggravated robbery case].

At the time that the parties made this agreement, appellant already was on community supervision for the aggravated robbery case.

Prior to finding appellant guilty in this case, the district court recited the terms of the plea agreement in open court as follows:

> The recommendation appears to be for ten years probated for seven years, $1,000 fine, court costs, court-appointed attorneys fees. . . . [discussion of attorney's fees omitted] Also, attend batterers intervention, do a victim impact, anger management, HIPAA release so that your medicines can be monitored. And I see the judgment also has in it a complete psychological evaluation and comply with all

3

recommendations. And of course to take your prescribed medications as prescribed. All that being said, is that your understanding of your deal?

Appellant, his counsel, and the State all affirmed those terms on the record. The district court then found appellant guilty, stating, "Plea bargain is followed in all respects as recited." *See, e.g.,* *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (oral pronouncement controls over conflicting written judgment); *Brumley v. State*, 359 S.W.3d 884, 885–86 (Tex. App.—Beaumont 2012, no pet.) (affirming consecutive sentences even though plea agreement provided that sentences were to run concurrently because parties expressly agreed to terms pronounced by trial court in open court which "did not include any promise regarding concurrent sentences").

During that hearing, the trial court also asked appellant, "Has anybody promised you anything about your plea bargain other than what we go over here in open court today?" Appellant answered "No, sir." Further, no party mentioned that a term of the plea agreement was that any future sentence would run concurrently in the event that his community supervision was revoked. On this record, we conclude that the handwritten phrase in the plea agreement paperwork cited by appellant was at most an agreement by the parties for appellant's terms of community supervision to run concurrently with the terms of community supervision in the aggravated robbery case and that, in any event, the parties did not agree that any future sentencing in the event of revocation would run concurrently with any future sentencing in the aggravated robbery case.[2]

---

[2] At the revocation hearing in the aggravated robbery case, which hearing the district court took judicial notice of at the subsequent hearing in this case, the State's attorney involved with appellant's case "from the start" advised the district court that "[t]here was no contemplation whatsoever that his sentences run concurrent. The probations run concurrently."

Appellant also focuses on language in the original judgments probating the sentences that "[t]his sentence shall run concurrently." As to this language, we conclude that it did not limit the district court's discretion to cumulate sentences in the event of revocation. *See McCullar v. State*, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984) (noting that sentence is suspended when probation is granted and, upon revocation, court may dispose of case as if there had been no probation); *see also* Tex. Code Crim. Proc. art. 42.08(a) (authorizing cumulative sentences including cumulative suspended sentences "provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years").

To support his positions that cumulating his sentences was in effect an increase in his punishment and that he was deprived of notice, appellant cites article 42.12 of the Code of Criminal Procedure, *see* Tex. Code Crim. Proc. art. 42.12, and *Gordon v. State*, 575 S.W.2d 529 (Tex. Crim. App. 1978). The portion of the opinion in *Gordon* cited by appellant, however, was overturned on rehearing. *Compare Gordon*, 575 S.W.2d at 533–34 with *id.* at 535 (op. on reh'g) ("It makes no difference that Article 42.12 . . . does not provide for the cumulation of sentences because Article 42.08 . . . provides for their cumulation."). Further, it is well established that a trial court has the power to cumulate sentences upon revocation of community supervision, regardless of whether the judgments probating a defendant's sentence provided for the cumulation of sentences. *See McCullar*, 676 S.W.2d at 588; *see also* Tex. Code Crim. Proc. art. 42.08(a).

For these reasons, we conclude that the district court did not err in granting the State's motion to cumulate sentences. We overrule appellant's issue and affirm the district court's judgment revoking community supervision.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: July 17, 2015

Do Not Publish