

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00651-CR

Antonine D. **HENDERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR3080
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 16, 2015

DISMISSED

Antonine Henderson appeals the trial court's judgment sentencing him to ten years in prison for possession of more than 28 grams and less than 200 grams of a controlled substance, penalty group 3. The trial court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Because this court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record," we gave Henderson notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate

record. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

Henderson has filed a response in which he argues that the trial court did not assess punishment in accordance with the plea agreement. He contends that because the trial court did not follow the written plea agreement, Henderson does have a right of appeal and the trial court's certification is therefore defective. Henderson requests this court to direct the trial court to reconsider its certification. *See Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (stating court of appeals may order trial court to reconsider certification that appears to be defective); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate). After reviewing the record, we conclude the punishment assessed by the court did not exceed the punishment recommended by the prosecutor and agreed to by the defendant and hold the trial court's certification accurately states that this is a plea bargain case and Henderson does not have a right to appeal.

### The Plea Agreement

Henderson, his attorney, and the prosecutor signed a written plea bargain in which they agreed Henderson would plead guilty or no contest to possession of more than 28 grams and less than 200 grams of a controlled substance, penalty group 3, and the State would recommend Henderson be fined $1,500 and sentenced to three years in prison. The agreement stated the sentence would run concurrently with those in four other cases and five other causes would be taken into consideration. Beneath the signatures on the plea document was a "non-binding recommendation" that did "not constitute part of the formal plea agreement." This

recommendation was that Henderson would be subject to the full range of punishment if he did not report to sentencing.

At the subsequent plea hearing, the parties all represented the "non-binding recommendation" as being part of the plea agreement. The reporter's record of the hearing reflects that the trial court admonished Henderson on the range of punishment and Henderson confirmed that he understood it. The parties then advised the trial court there was a plea agreement and the prosecutor stated the terms of the agreement on the record. With respect to sentencing, the prosecutor stated the agreement was for three years' incarceration and a $1,500 fine; that Henderson was to be free pending sentencing; but if Henderson failed to appear for sentencing, he would be subject to the full range of punishment. The prosecutor recited the same terms as in the written agreement regarding concurrent sentences and causes to be taken into consideration. Both Henderson and his attorney stated on the record that this was their understanding of the plea bargain. Henderson then pled no contest. The court accepted the plea and found the State's evidence sufficient to substantiate guilt. The trial court postponed sentencing and iterated to Henderson that if he did not appear for sentencing at 9:00 a.m. on June 16, 2015, he would be subject to the full range of punishment.

## Sentencing

Henderson did not appear at the scheduled sentencing hearing. The trial court issued a capias and Henderson was brought before the court for sentencing on August 4, 2015. Henderson acknowledged that his plea agreement required him to appear at the sentencing hearing and that if he failed to do so, he would be subject to the full range of punishment. The trial court found Henderson guilty. After defense counsel stated there was no legal reason why Henderson should not be sentenced, the trial court sentenced him to ten years' confinement, to run concurrently with the sentences in the causes listed in the plea agreement. Also in accordance with the plea

agreement, the trial court took five other causes into consideration. The trial court certified that this is a plea bargain case and Henderson does not have a right of appeal.

**Discussion**

In response to our show cause order, Henderson argues that he has a right of appeal because this is not a plea bargain case. He contends the trial court's certification is therefore defective and asks the court to order the trial court to prepare a corrected certification. Henderson argues that this is not "a plea bargain case" because the punishment exceeded the three-year prison term recommended by the prosecutor and agreed to by the defendant in the written plea agreement. We disagree. The enforceable plea agreement was the one announced at the plea hearing, expressly agreed to by the State and Henderson, and accepted by the court. *See Brumley v. State*, 359 S.W.3d 884, 886 (Tex. App.—Beaumont 2011, no pet.) (holding that where neither party objected to variance between written plea agreement and that pronounced in open court at plea hearing and accepted by court, the written agreement was implicitly rejected and the orally pronounced agreement was enforceable).

We also conclude that the court's imposition of a ten year sentence was done pursuant to an enforceable plea bargain. An express term of the agreement announced at the plea hearing made Henderson subject to the full statutory range of punishment if he failed to appear for sentencing. This term was knowingly and voluntarily agreed upon by Henderson and the State and was accepted by the trial court. This case is similar to *State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007), in which the court held a similar term was a proper and enforceable term of a plea bargain. In *Moore*, the plea agreement required the defendant to plead guilty and the State to recommend a twenty-five year sentence. *Id.* at 249. It also provided for a postponement of sentencing, but required the defendant to appear at sentencing and to not commit any new offenses between the plea and sentencing hearings. *Id.* The parties agreed that if the defendant breached

either of those provisions, the court could consider the full punishment range. *Id.* The Texas Court of Criminal Appeals held these terms were knowingly and voluntarily agreed to, were accepted by the trial court, and were proper and enforceable terms of a plea bargain. *Id.* at 254-55. When Moore committed a new offense before sentencing, the State was released from its obligation to recommend twenty-five years, and the court's consideration of the full range of punishment and imposition of punishment greater than twenty-five years was done pursuant to and in accordance with the plea agreement. *Id.*

The terms of Henderson's plea bargain, as stated on the record at the plea hearing and agreed to by Henderson, his attorney, and the prosecutor, were that Henderson would receive a three-year sentence unless he failed to appear at the sentencing hearing, in which case, Henderson would be subject to the full range of punishment. The trial court accepted Henderson's plea of no contest and admonished Henderson that if he did not appear for sentencing on June 16 at 9:00 a.m., "then the full range of punishment is available to the Court." As in *Moore*, the consequence of not appearing at the scheduled sentencing was expressly incorporated into the plea agreement. *See* 240 S.W.3d at 253. When Henderson failed to appear, the State was released from its obligation to recommend a three-year sentence. The court's assessment of punishment within the statutory range was done in accordance with and pursuant to an enforceable plea agreement.

Because there was a plea agreement and the court assessed punishment in accordance with the agreement, Henderson may only appeal matters that were raised by written motion filed and ruled on before trial or if the trial court granted permission to appeal. TEX. CODE CRIM. PROC. ANN. 44.02; TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain any such filed and ruled-on motions, and the judgment contains the notation: "Notice of Appeal: Denied." Accordingly, the record supports the trial court's certification that this is a plea bargain case and Henderson does not have a right to appeal. This court must dismiss an appeal "if a certification that shows the

defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH