Candace L. **BURNS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 13–91–639–CR to 13–91–644–CR.

Court of Appeals of Texas, Corpus Christi.

June 25, 1992.

Discretionary Review Refused Sept. 30, 1992.

Ron Barroso, Corpus Christi, Jimmy Parks, San Antonio, for appellant.

Grant Jones, James D. Rosenkild, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

These cases involve the revocation of appellant's probation in six separate offenses. In the first case, a jury found appellant guilty of burglary of a vehicle and assessed punishment of 10 years' imprisonment and a $10,000 fine. She then signed judicial confessions to four counts of forgery that occurred within the same criminal episode but were unrelated to the burglary, and one unrelated count of driving while intoxicated. Appellant was sentenced to 10 years' imprisonment and was assessed a $1,000 fine for each of these offenses. The court suspended all six sentences, however, and placed appellant on probation for ten years for each offense, fining her a total of $15,000. Appellant subsequently violated seven different terms of her probation. The State moved to revoke her probation in all six cases, and the court granted the motions, imposed the original punishments, and cumulated some of the sentences.[1] Burns appeals from this revocation. We affirm.

By her first point of error, appellant contends that the court erred by allowing the State to amend the motion to revoke probation in one of her forgery cases after the hearing on the motions began. She contends that such an untimely amendment violated TEX.CODE CRIM.PROC.ANN. art. 42.12 § 24(a) (Vernon Supp.1992), which provides, in pertinent part,

In a felony case, the state may amend the motion to revoke probation any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing.

The motions for revocation in five of the six cases contained the following description of appellant's violation of one of her terms of probation:

The defendant failed to participate in Antabuse therapy under the direction of Dr. Ganz at her expense, as directed by the Adult Probation Officer, in violation of Condition T of her Adult Probation.

The motion in the sixth case states, "The defendant *shall* participate in Antabuse therapy...." At the start of the revocation hearing, State's counsel informed the court,

Your Honor, in 90–CR–758–D, the allegation in count seven needs to be amended to reflect that the defendant failed to participate—and it reads the defendant shall participate—it failed to participate in ant[a]buse therapy.

The court verified that appellant was the person found guilty of the six offenses for which probation was being revoked. The State re-urged its request to amend count seven in the sixth case, and the court asked if appellant's counsel had any objection. Her counsel stated, "No, Your Honor." Appellant then pleaded true to each alleged violation of probation in all six cases.

■ Pursuant to art. 42.12 § 24(a), once evidence has been introduced in a revocation proceeding, a motion to revoke shall not be amended. However, before the introduction of evidence and within seven days of the revocation hearing, amendments may be made if good cause is shown. In this case, the motion was amended before the introduction of any evidence. Moreover, when the State moved to amend the motion at the commencement of the hearing, appellant's counsel did not object. This effected a waiver of any proposed error in the court's granting of the motion. TEX.R.APP.P. 52(a). Appellant has preserved nothing for our review.

■ When the court finds one violation of a condition of probation, the court may revoke the probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex.App.—Corpus Christi 1985, no pet.). A plea of true will support a probation revocation. *Cole v. State*, 578 S.W.2d 127,

---

1. The court allocated ten years' incarceration for each of the forgeries, to run concurrently, then cumulated the ten-year sentences for each of the remaining offenses, burglary of a vehicle and driving while intoxicated, for a total sentence of 30 years' imprisonment.

128 (Tex.Crim.App.1979); *Rivera*, 688 S.W.2d at 660. Appellant pleaded true to all allegations enumerated in each of the motions to revoke. If one ground for revocation was improperly amended or added, her plea to the other violations of the terms of her probation constitute a sufficient basis for the court's action in revoking her probation. Point one is overruled.

By her second point of error, appellant contends that the court erred by admonishing her that should her probation be revoked, the sentences in *each* of her six convictions could be set to run consecutively. Appellant maintains that this is not the law, as her forgery cases were part of the same criminal episode, and she judicially confessed to them in the same criminal action.[2] Therefore, she contends, the 10–year sentences she received for each count had to run concurrently and could not be cumulated, pursuant to TEX.PENAL CODE ANN. § 3.03 (Vernon 1974). She maintains that this improper admonishment caused her to involuntarily plead true to the seven violations enumerated in the State's motions to revoke probation.[3]

Section 3.03 provides,

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentences for each offense ... shall run concurrently.

Pursuant to TEX.PENAL CODE ANN. § 3.01 (Vernon Supp.1991), a criminal episode is the commission of two or more offenses pursuant to the same transaction or to two or more transactions that are connected or constitute a common scheme or plan; or the offenses are the repeated commission of the same or similar offenses. Appellant's four forgery offenses occurred over the course of two days at the same establishment with the same person's stolen checks. These forgeries constitute the same criminal episode.

The Texas Court of Criminal Appeals recently overturned a long line of cases with regard to the issue of cumulating sentences in *LaPorte v. State*, No. 1206–90 832 S.W.2d 597 (Tex.Crim.App. June 10, 1992). The current rule in Texas is that when multiple offenses arise out of the same criminal episode, and these offenses are disposed-of together in the same criminal action, whether in a single trial or plea proceeding, § 3.03 applies to prohibit the cumulation of the sentences imposed in those related offenses. *LaPorte*, at 598. Specifically, the Court held, "If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *Id.*, at 600.

The court's admonishment to appellant that the sentences suspended in her four forgery offenses could be cumulated upon revocation was an improper statement of the law. However, appellant pleaded true to all proposed probation violations *before* being admonished by the court, then reiterated her pleas of true afterwards. No evidence supports appellant's argument that she pleaded true to seven probation violations because of the improper admonishment. Point of error two is overruled.

By her third point of error, appellant asserts that the court erred by assessing punishment, after revocation, of ten years' incarceration for each of the four related forgery offenses, to run concurrently, and cumulating the ten-year sentences for the separate offenses of burglary and DWI, for a total of 30 years' imprisonment. She contends that she paid her $15,000 fines in full as well as restitution, and she served 181 days in jail, for which she was given credit. Appellant argues that she has par-

---

**2.** The burglary of a motor vehicle offense was previously tried to a jury in a separate trial; the DWI offense, although judicially confessed to along with the forgeries during the same criminal action, was not a part of the same criminal episode.

**3.** Appellant contends in her brief,

Human nature dictates that if the Court has authority to punish an individual to a full sixty (60) years in sentence, or the equivalent of a life sentence, the individual out of fear that the Court would sentence the individual to the maximum, is more likely to acquiesce and enter pleas of 'true' for no other reason than to gain favor with the Court.

tially served a portion of her punishment in her six convictions and therefore the sentences in each have already been imposed and cannot now be cumulated.[4]

■ When the court suspends a sentence and instead places the defendant on probation, later revoking that probation, no sentence has been imposed. The question of whether multiple sentences are to be served consecutively or concurrently is not addressed by the trial court because the issue is not ripe. If probation is later revoked, a sentence is imposed for the first time. *See McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984); *Sterling v. State*, 791 S.W.2d 274, 278 (Tex.App.—Corpus Christi 1990, no pet.). When multiple offenses are at issue, the court may, at its discretion, order the original sentences—rendered in separate criminal actions—to run consecutively.[5] *McCullar*, 676 S.W.2d at 588; *Gordon v. State*, 575 S.W.2d 529, 535 (Tex.Crim.App.1978) (opinion on reh'g); *Sterling*, 791 S.W.2d at 278; TEX.CODE CRIM.PROC.ANN. art. 42.08(a) (Vernon Supp.1992). The court may cumulate these sentences after probation is revoked even though the judgments suspending the imposition of the original sentences and ordering probation do not provide for the cumulation of the sentences. *McCullar*, 676 S.W.2d at 588.

■ The judgments in appellant's six original cases suspended the imposition of appellant's imprisonment and placed her on probation. These judgments were silent with regard to the manner in which these sentences would be imposed should probation be revoked. The payment of the fine was not probated. Appellant was not placed on shock probation; she served 181 days in jail waiting for the State's motions to revoke her probation to be heard. This time was not spent serving a portion of her original sentences, as they had not been imposed but were in fact suspended and probated. It was not until the State's probation revocation took effect that appellant's sentences were reinstated. Upon revocation, the court cumulated her 10-year sentences for the separate offenses of burglary of a vehicle and driving while intoxicated onto her single 10-year sentence for the related forgeries. Finding no abuse of discretion by the trial court in exercising its power to do so, we overrule point of error three.

By her fourth and final point of error, appellant asserts that the trial court erred when composing its cumulation orders attached to the burglary and DWI judgments, as they lacked specificity. Each order included information about terms of imprisonment, cause numbers, the court in which the prior proceedings were heard, and the order in which each sentence would be served. Appellant did not file a request, objection or motion with the court highlighting the alleged insufficiencies in these orders, thus waiving any error and preserving nothing for our review. TEX.R.APP.P. 52(a).

Nevertheless, reviewing appellant's point on its merits, the cumulation order for the driving while intoxicated offense (Cause No. 90–CR–0861–D) reads:

Cumulation of sentence orders: The punishment of ten years confinement imposed in this case shall begin when the judgment and ten years confinement imposed in the State of Texas vs. Candace Lee Burns, Cause Nos. 90–CR–0758–D, 90–CR–0759–D, 90–CR–0819–D, and 90–CR–0862–D (105th District Court of Nueces County, Texas) have ceased to operate.

The cumulation order for the burglary of a vehicle offense (Cause No. 90–CR–596–D) reads:

Cumulation of sentence orders: The punishment of ten years confinement im-

---

4. We note that the court cumulated only the burglary and DWI sentences onto the four forgery sentences, which were ordered to be served concurrently.

5. A court may not add a cumulation order to an already-imposed sentence for which the appellant has suffered a portion of her punishment. *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex.Crim.

App.1981) (no cumulation permitted when defendant's shock probation revoked because sentence already imposed and portion of it served). When the court imposes shock probation, this merely suspends the execution rather than the imposition of the sentence. *Id.* at 35; TEX. CODE CRIM.PROC.ANN. art. 42.12 § 3 (Vernon Supp.1992).

posed in this case shall begin when the judgment and ten year sentence imposed in the State of Texas vs. Candace Lee Burns, Cause No. 90–CR–0861–D (105th District Court of Nueces County, Texas) have ceased to operate.

The Texas Court of Criminal Appeals lists five recommended elements of a cumulation order: 1) the trial court number of the prior conviction, 2) the correct name of the court where the prior conviction was taken, 3) the date of the prior conviction, 4) the term of years of the prior conviction, and 5) the nature of the prior conviction. *Williams v. State*, 675 S.W.2d 754, 764 (Tex.Crim.App.1984) (Opinion on reh'g); *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim.App.1975). A cumulation order need not include all of these elements, however. In *Williams*, the trial court's cumulation order set out the trial court cause numbers, the term of years assessed, and the county in which the prior sentences were suspended. The Court held the order to be "substantially and sufficiently specific." *Id.* at 764.[6]

The cumulation orders of which appellant complains contain substantially the same information as contained in the Court-approved order set out in *Williams*. The orders here were even more specific, as they also contained the name of the court in which the prior convictions were taken, rather than just the name of the county. Moreover, the cumulation orders were entered in the same court in which the prior convictions were taken; pursuant to caselaw cited in *Williams*, in such cases, orders containing only the prior cause numbers are sufficient. Appellant's cumulation orders were substantially and sufficiently specific here to render them valid. Point of error four is overruled.

The judgments of the trial court are AFFIRMED.

---

**6.** The *Williams* Court also discusses, in dicta, the sufficiency of cumulation orders which contain only the cause number and the correct name of the trial court of the prior conviction, and those which state only the prior cause number when the order is entered in the same court as the original sentence. *See Id.* at 764.