MEMORANDUM OPINION


No. 04-04-00465-CR

Andre BROWN,
Appellant

v.

The STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-4252
Honorable Mary Román, Judge Presiding
 
Opinion by:    Rebecca Simmons, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Rebecca Simmons, Justice

Delivered and Filed: June 1, 2005

AFFIRMED
            Andre Brown appeals the trial court’s judgment revoking his community supervision and
sentencing him to three years imprisonment for possession of a controlled substance. Because the
issue in this appeal involves the application of well-settled principles of law, we affirm the trial
court’s judgment in this memorandum opinion. See Tex. R. App. P. 47.4.
            Brown pled guilty to possession of a controlled substance and was placed on three years
community supervision. On May 17, 2004, the State filed a motion to revoke Brown’s community
supervision, alleging violations of probation conditions 1, 10, and 11. On June 17, 2004, the State
filed a motion to supplement the motion to revoke, alleging a violation of condition 12. The
revocation hearing was held on June 18, 2004.
            “In a felony case, the state may amend the motion to revoke community supervision at any
time up to seven days before the date of the revocation hearing, after which time the motion may not
be amended except for good cause shown.” Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b)
(Vernon Supp. 2004-2005). On appeal, Brown contends that his due process rights were violated
because the State amended the motion to revoke within seven days of the date of the revocation
hearing without a showing of good cause; however, Brown did not object to the untimely amendment
at the hearing. Accordingly, Brown has waived this complaint. Rogers v. State, 640 S.W.2d 248,
263-265 (Tex. Crim. App. [Panel Op.] 1981); Burns v. State, 835 S.W.2d 733, 735 (Tex.
App.—Corpus Christi 1992, pet. ref’d). Furthermore, Brown pled true to violating conditions 11
and 12 of the terms of his community supervision. Proof of any one of the alleged violations is
sufficient to support the order revoking probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. [Panel Op.] 1979); Atchison v. State, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet.
ref’d).
            The trial court’s judgment is affirmed.
Rebecca Simmons, Justice

DO NOT PUBLISH