

**NUMBER 13-09-00442-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ANTONIO REYES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza**

Appellant, Antonio Reyes, was convicted of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). Reyes pleaded guilty to the offense pursuant to a plea agreement with the State, and he was sentenced to ten years' imprisonment and assessed a $2,000 fine. Reyes was then placed on "shock" community supervision, which was later revoked. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon Supp. 2009). By two issues, Reyes contends that the trial court erred in permitting certain expert testimony at the hearing on the State's motion to revoke. We affirm.

## I. BACKGROUND

Reyes was indicted on August 31, 2006 for the offense of aggravated robbery, a

first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003). He pleaded guilty to the lesser included offense of robbery on December 1, 2006, and was convicted and sentenced as set forth above. On May 2, 2007, Reyes was released from prison and placed on "shock" community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6.

The State filed a motion to revoke on May 6, 2009, alleging that Reyes had committed twelve different violations of the terms of his community supervision. Specifically, the State's motion alleged that, while under community supervision, Reyes: (1) committed the offense of unlawfully carrying a weapon; (2) committed the offense of evading arrest or detention; (3) committed the offense of criminal trespass; (4) failed to report these offenses to his supervision officer; (5) changed his place of residence without prior approval of his supervision officer; (6) failed to report each month to his supervision officer as directed; (7) was in possession of a firearm; (8) failed to pay $498 in court costs; (9) failed to pay $960 in supervisory fees; (10) failed to pay $2,000 in fines; (11) failed to perform at least twelve hours per month of community service as directed; and (12) failed to pay $5 to the local Crime Stoppers Program. Reyes pleaded not true to all twelve allegations.

At a hearing on the State's motion to revoke on June 26, 2009, the State offered the testimony of Officer Dale Kolar of the Victoria County Sheriff's Department. Officer Kolar testified that he has undergone "roughly" eighty hours of training in fingerprint analysis and that he is certified in fingerprint analysis by the Texas Department of Public Safety. According to Officer Kolar, he had the opportunity to examine "about 15,000" fingerprints during his training.[1]

The State then offered into evidence, as its Exhibit 1, a document dated June 25,

---

[1] Reyes's counsel repeatedly objected to Officer Kolar's testimony, arguing that Officer Kolar had not been properly qualified as an expert to testify as to fingerprint analysis. The trial court overruled each objection.

2009, containing Reyes's signature and indicating that it contained Reyes's fingerprints. The State also offered, as its Exhibit 2, a judgment from the County Criminal Court at Law Number 12 of Harris County, Texas, reflecting the conviction of an individual named Tony Riascos for the offense of criminal trespass, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 30.05 (Vernon Supp. 2009).[2] The second page of the Harris County judgment contained Riascos's right thumbprint. Officer Kolar testified that, in his opinion, the fingerprints on Exhibit 1 are from the same person as the thumbprint on Exhibit 2. Officer Kolar testified that he consulted with a co-worker, Sergeant Henry Castillo, who is also a certified fingerprint analyst, and that Sergeant Castillo confirmed Officer Kolar's findings.[3] Finally, Officer Kolar testified that, according to records kept by his department, Reyes has been known to use "Riascos" as his last name.[4]

The State then called Romelia Kucera, a community supervision officer with the 24th Judicial District Community Supervision and Corrections Department ("CSCD"). Kucera testified that, according to CSCD records, Reyes failed to report to his supervision officer for the months of October, November, and December of 2008, and January, February, and March of 2009. Kucera further testified that, according to CSCD records, Reyes has not paid any fines, nor has he performed any community service hours.[5]

The trial court found that Reyes had violated the terms of his community supervision and granted the State's motion to revoke. The trial court subsequently denied Reyes's

---

[2] The State additionally offered into evidence, as its Exhibits 3 and 4, judgments from Harris County dated April 17, 2009, reflecting Riascos's conviction of the offenses of unlawfully carrying a weapon and evading arrest or detention. *See* TEX. PENAL CODE ANN. §§ 38.04, 46.02 (Vernon Supp. 2009). These judgments also contained the thumbprint of the convicted defendant.

[3] Officer Kolar stated that he could not conclusively match the fingerprints on Exhibit 1 with the thumbprints on Exhibits 3 or 4, because the latter exhibits were photocopies of poor quality.

[4] Reyes testified at the revocation hearing that he, indeed, also goes by the last name "Riascos."

[5] Kucera's testimony regarding CSCD records was admitted by the trial court over the repeated hearsay objections of Reyes's counsel. These rulings are not challenged on appeal.

motion for new trial, and it certified Reyes's right to appeal. This appeal followed.[6]

## II. DISCUSSION

In a community supervision revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)*; Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 492.

By two issues, Reyes contends that the trial court erred by admitting the testimony of Officer Kolar. Reyes specifically argues that (1) the State failed to properly qualify Officer Kolar as an expert witness, and (2) the trial court erred in overruling his objections to Officer Kolar's testimony regarding the statements of Sergeant Castillo.

However, it is well-established that a single violation of a community supervision condition is sufficient to support the trial court's decision to revoke community supervision. *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no. pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim. App. 1980); *Burns v. State*, 835 S.W.2d 733, 735 (Tex. App.–Corpus Christi 1992, pet. ref'd)). On appeal, Reyes does not raise any challenge to Kucera's testimony at the revocation hearing that Reyes had (1) failed to report to his supervision officer on six occasions, and (2) failed to pay fines or perform community service as required by the terms of his community supervision. Assuming, without deciding, that the trial court erred by admitting Officer Kolar's testimony, we nevertheless conclude that the trial court's revocation of Reyes's community supervision was sufficiently supported by Kucera's uncontroverted testimony. *See id.*

We conclude that the trial court did not abuse its discretion in granting the State's

---

[6] The State has not filed an appellee's brief to assist us in the resolution of this matter.

4

motion to revoke Reyes's community supervision.  Reyes's two issues are overruled.

### III. Conclusion

The judgment of the trial court is affirmed.


_____
DORI CONTRERAS GARZA
Justice

Do Not Publish.
Tex. R. App. P. 47.2(b)
Delivered and filed the
13th day of May, 2010.