

NUMBER 13-10-00025-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI    -    EDINBURG

---

KIMBERLY GALINDO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

---

On appeal from the 156th District Court
of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Justice Garza**

By one issue, appellant Kimberly Galindo contends that the trial court abused its discretion when it revoked her community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp. 2009). We affirm.

### I. BACKGROUND

Galindo was convicted of assault on a public servant, a third-degree felony, on November 21, 2006. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2009). Galindo pleaded guilty to the offense pursuant to a plea agreement with the State and was

sentenced to ten years' imprisonment in a state facility along with a $2,500 fine. The trial court suspended Galindo's sentence and placed her on regular community supervision for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21. Notably, during her community supervision, Galindo pled guilty to another felony, injury to a child by omission. *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2009). Galindo was granted community supervision for this offense, as well.

On October 13, 2009, the Goliad County Sheriff's Department issued a warrant for Galindo's arrest based on a new charge of theft of property valued between $1,500 and $20,000, a state jail felony.[1] *See id.* § 31.03(a), (e)(4)(A) (Vernon Supp. 2009). Due to this new arrest, the State alleged that Galindo violated the terms and conditions of her community supervision by committing theft and filed a motion to revoke Galindo's community supervision.

A hearing was conducted on the State's motion to revoke on December 29, 2009. At the hearing, Galindo entered a plea of "true" to the allegation of theft in the State's motion to revoke.[2] After considering the options available and Galindo's criminal history, the trial court revoked Galindo's community supervision and assessed her punishment at eight years' confinement. This appeal followed.

## II. DISCUSSION

In a community supervision revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms of her community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We review a a trial court's order revoking community supervision for an abuse of discretion. *Rickles v.*

---

[1] This charge was based on an allegation that Galindo misappropriated a gold diamond ring from Orlean Lubbock, the mother of one of Galindo's long-time friends.

[2] The State amended the motion to reduce the value of the property stolen to an amount of more than $500 but less than $1,500, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(3) (Vernon Supp. 2009).

*State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court has very broad discretion over community supervision, its revocation, and its modification. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21.

By one issue, Galindo contends that the trial court abused its discretion when it revoked her community supervision. It is well-established that a single violation of a community supervision condition is sufficient to support the trial court's decision to revoke community supervision. *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim. App. 1980); *Burns v. State*, 835 S.W.2d 733, 735 (Tex. App.–Corpus Christi 1992, pet. ref'd)). A plea of "true" to an allegation in the motion to revoke is sufficient, standing alone, to support an order of revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

At the hearing on the State's motion to revoke, Galindo pleaded "true" to the allegation that she committed theft, a violation of the terms and conditions of her community supervision. Galindo's plea of "true" is sufficient to support the trial court's revocation of her community supervision. *See id*. We conclude that the trial court did not abuse its discretion in granting the State's motion to revoke Galindo's community supervision. Accordingly, we overrule Galindo's sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
15th day of July, 2010.

3