NUMBER 13-10-00025-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

KIMBERLY GALINDO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court 

of Bee County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza


 By one issue, appellant Kimberly Galindo contends that the trial court abused its
discretion when it revoked her community supervision. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 21 (Vernon Supp. 2009). We affirm.

I. Background

 Galindo was convicted of assault on a public servant, a third-degree felony, on
November 21, 2006. See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2009). 
Galindo pleaded guilty to the offense pursuant to a plea agreement with the State and was
sentenced to ten years' imprisonment in a state facility along with a $2,500 fine. The trial
court suspended Galindo's sentence and placed her on regular community supervision for
ten years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 21. Notably, during her
community supervision, Galindo pled guilty to another felony, injury to a child by omission. 
See Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2009). Galindo was granted community
supervision for this offense, as well. 

 On October 13, 2009, the Goliad County Sheriff's Department issued a warrant for
Galindo's arrest based on a new charge of theft of property valued between $1,500 and
$20,000, a state jail felony. (1) See id. § 31.03(a), (e)(4)(A) (Vernon Supp. 2009). Due to this
new arrest, the State alleged that Galindo violated the terms and conditions of her
community supervision by committing theft and filed a motion to revoke Galindo's
community supervision. 

 A hearing was conducted on the State's motion to revoke on December 29, 2009. 
At the hearing, Galindo entered a plea of "true" to the allegation of theft in the State's
motion to revoke. (2) After considering the options available and Galindo's criminal history,
the trial court revoked Galindo's community supervision and assessed her punishment at
eight years' confinement. This appeal followed.

II. Discussion

 In a community supervision revocation proceeding, the State must prove by a
preponderance of the evidence that the defendant violated the terms of her community
supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We review a
a trial court's order revoking community supervision for an abuse of discretion. Rickles v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court has very broad discretion
over community supervision, its revocation, and its modification. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 21. 

 By one issue, Galindo contends that the trial court abused its discretion when it
revoked her community supervision. It is well-established that a single violation of a
community supervision condition is sufficient to support the trial court's decision to revoke
community supervision. Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.-Corpus Christi
1997, no pet.) (citing Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980);
Sanchez v. State, 603 S.W.2d 869 (Tex. Crim. App. 1980); Burns v. State, 835 S.W.2d
733, 735 (Tex. App.-Corpus Christi 1992, pet. ref'd)). A plea of "true" to an allegation in
the motion to revoke is sufficient, standing alone, to support an order of revocation of
community supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). 

 At the hearing on the State's motion to revoke, Galindo pleaded "true" to the
allegation that she committed theft, a violation of the terms and conditions of her
community supervision. Galindo's plea of "true" is sufficient to support the trial court's
revocation of her community supervision. See id. We conclude that the trial court did not
abuse its discretion in granting the State's motion to revoke Galindo's community
supervision. Accordingly, we overrule Galindo's sole issue.

III. Conclusion

 The judgment of the trial court is affirmed. 

 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

15th day of July, 2010. 
1. This charge was based on an allegation that Galindo misappropriated a gold diamond ring from
Orlean Lubbock, the mother of one of Galindo's long-time friends. 
2. The State amended the motion to reduce the value of the property stolen to an amount of more than
$500 but less than $1,500, a class A misdemeanor. See Tex. Penal Code Ann. § 31.03(a), (e)(3) (Vernon
Supp. 2009).