

# NUMBER 13-11-00600-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MALCOLM WEBB,                                                    Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Malcolm Webb, appeals from an order revoking probation. By his sole issue, appellant argues that his counsel provided ineffective assistance during the revocation proceedings. We affirm.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea-bargain agreement, on February 27, 2009, appellant pleaded guilty to one count of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN.

§ 29.02 (West 2011).   The trial court placed him on six years' deferred-adjudication probation.

On June 28, 2011, the State filed a motion to revoke probation, alleging seven violations of his probation stemming from appellant's conduct while at a drug rehabilitation facility.[1] Appellant's violations included the following:   submitting one urinalysis which tested positive for synthetic cannabinoids; being placed on a behavior contract on two separate occasions for failing to comply with program rules; being in possession of contraband, a lighter; returning to the facility late from a weekend pass; failing to show proof of attendance in a twelve-step program; and discharge from the drug rehabilitation facility for non-compliance with program rules.

On August 12, 2011, the trial court heard the State's motion to revoke probation. During the hearing, the court questioned appellant on the written admonishments. Appellant testified that he understood the proceedings and the potential consequences of his plea; that he had read and reviewed the allegations with his counsel; that he understood no plea agreement was in place; and that pleading true to one count alone could result in life in prison.   Appellant pleaded true to all seven alleged violations of his probation conditions. The trial court revoked appellant's unadjudicated probation, found appellant guilty of aggravated robbery, and sentenced him to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division.

---

[1] The State filed two prior motions to revoke probation. The first motion resulted in an increase in the length of appellant's probation from six years to ten years.   The second resulted in a court-ordered entrance into the Substance Abuse Felony Punishment Facility, afterwards continuing into a drug and alcohol abuse treatment plan.   Appellant was continued on deferred adjudication after the disposition of both prior motions to revoke.

2

## II.    DISCUSSION

In his sole issue, appellant contends that his counsel provided ineffective assistance by advising him to plead true to the allegations in the State's motion to revoke probation because appellant allegedly had a defense and pleading true was not in his best interest.[2] We disagree.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel.  U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2010).  This right necessarily includes the right to reasonably effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  In order to prove an ineffective assistance of counsel claim, a defendant must show (1) by a preponderance of the evidence, that counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 687–96; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The defendant must overcome the strong presumption that the challenged action might have been sound trial strategy. *Thompson*, 9 S.W.3d at 813.  We will not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy.  *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

---

[2]   Although appellant states his sole point of error is ineffective counsel, appellant's argument begins by claiming that he was not discharged from the treatment facility for any of the minor violations, but solely for the positive urinalysis for synthetic marihuana.  Appellant claims that it is wrong to allow the State to include the allegedly minor violations in the revocation motion.  Appellant failed to cite any authority to support the proposition that the State should have been precluded from including those violations in the motion.  Appellant has failed to present this issue for appellate review.  *See* TEX. R. APP. P. 38.1(i); *Castillo v. State*, 186 S.W.3d 21, 24 (Tex. App.—Corpus Christi 2005, pet. ref'd).

When, as in this case, there is no evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *see also Aldaba v. State*, No. 14-08-00417-CR, 2009 WL 1057685, at *5 (Tex. App.—Houston [14th Dist.] April 16, 2009, pet. ref'd) (mem. op.). If there is no hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant's ineffective assistance claim fails because he did not meet his burden under both prongs of the *Strickland* test. The record does not show that appellant's counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment. Appellant claims that he had a possible legal defense that was grounded in his testimony at the hearing. After pleading true, appellant testified regarding his conduct at the drug rehabilitation facility. Appellant testified that the synthetic marihuana incident was a singular incident, that there were no further positive tests, and that the other violations were minor in nature. Appellant's testimony, however, is not a defense to the violations. Moreover, a single violation of a probation condition is grounds for a trial court's revocation of probation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.

[Panel Op.] 1980); *Burns v. State*, 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref'd).

Appellant did not file a motion for new trial or object to the alleged ineffective assistance of counsel in the trial court, and he brings forward no evidence of what counsel's trial strategy may have been. Appellant fails to proffer any justification, or point to any evidence in the record, that shows a reasonable probability that the motion to revoke probation would have been decided differently if counsel's alleged ineffectiveness had not occurred. *See Strickland*, 466 U.S. at 687–96. Appellant's sole issue on appeal is overruled.

## III.    CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish.    TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2012.