

NUMBERS 13-11-00261-CR & 13-11-00262-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FRUTOSO ESQUIVEL,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

This case involves a motion to revoke probation. Appellant Frutoso Esquivel argues three issues on appeal, which we have re-numbered: (1) the evidence was insufficient to sustain the finding that he violated his probation by failing to provide a

change of address; (2) the trial court abused its discretion because the State did not prove that his failure to pay court costs was intentional; and (3) he received ineffective assistance of counsel when his attorney advised him to plead true to failing to pay court costs because he had an affirmative defense that he was indigent.

We affirm.

## I. BACKGROUND

At the time of the motion to revoke, Esquivel was on probation in two separate causes. In cause number 10-CR-1434-E for aggravated assault, Esquivel pleaded guilty and was placed on deferred adjudication probation. *See* TEX. PEN. CODE ANN. § 22.02 (West 2011). In cause number 10-CR-2461-E, Esquivel pleaded guilty to aggravated sexual assault of a child (counts 1-3) and indecency with a child (counts 4-6) and was sentenced to deferred adjudication probation for ten years. *See id.* §§ 22.021(B), 21.11(West 2011).

The State filed a motion to revoke in both cases. In the first case for aggravated assault, the State alleged that Esquivel violated six terms of his community supervision. The State later filed an amended motion to revoke in this case, alleging three more violations, because Esquivel was arrested at the home of his assault victim. In the second case for aggravated sexual assault of a child and indecency with a child, the State alleged that Esquivel violated nine conditions of his community supervision.

The trial court held a revocation hearing on both causes on March 31, 2011. Esquivel pleaded "true" to five violations in cause number 10-CR-1434-E, the aggravated

assault case, and "not true" to the remaining assertions.[1]  He also pleaded "true" to eight violations in cause number 10-CR-2461-E, the sexual crimes cases, and "not true" to the additional allegations.[2]  The trial court heard and considered evidence at this hearing, and ultimately revoked Esquivel's probation in both causes.  In cause number 10-CR-1434-E for aggravated assault, the judge adjudicated guilt and sentenced Esquivel to twenty years in prison.  In cause number 10-CR-2461-E, the judge adjudicated guilt and sentenced Esquivel to sixty years for the aggravated sexual assault of a child, and twenty years for the indecency with a child counts.  All sentences were ordered to run concurrently.

This appeal followed.

## II.  MOTION TO REVOKE PROBATION

### A.    Standard of Review and Applicable Law

Whether to revoke probation rests within the discretion of the trial court.  *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976).   A single violation of a probation condition is sufficient to support the trial court's decision to revoke.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.

---

[1] In cause number 10-CR-1434-E, Esquivel pleaded "not true" to condition 1 (failure to comply with registration requirements) and "true" to conditions 4 (failure to report to the CSCD officer as directed), 7-b (failure to report a change of address), 8-d (failure to pay monthly supervision fee), and 8-f (failure to pay for photo identification).

[2] In cause number 10-CR-2461-E, Esquivel pleaded "not true" to conditions 1 (failure to commit no offense against the laws of the state), 13-1(b) (failure to register as a sex offender), and 13-1(c) (failure to report with his community supervision officer with an intent to change his address and the anticipated moving date),   and "true" to conditions 4 (failure to report to CSCD officer as directed), 7-b (failure to report any change of address), 8-d (failure to pay monthly supervision fee), 8-e (failure to pay sex offenders fee), 8-g (failure to pay the child victims compensation fund), 13-1(k) (failure to avoid child victim or victim's immediate family), (m) (failure to avoid place, activity, or functions where child victim will be present), and (r) (failure to avoid contact with any children under the age of 17).

Crim. App. 1980); *Burns v. State*, 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref'd). The burden of proof in a probation revocation is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). To successfully obtain reversal of a revocation order, "the appellant must successfully challenge each ground on which the trial court relied to support revocation." *Sterling v. State*, 791 S.W.2d 274 (Tex. App.—Corpus Christi 1990, pet. ref'd). Appellate review of evidence presented at a revocation hearing is in the light most favorable to the trial court's decision. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

## B.    Discussion

### 1.    Change of Address

In his first issue, Esquivel argues that the evidence was insufficient to sustain the finding that he violated the specific term in his community supervision conditions of failing to provide a change of address. We note, however, that "a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation." *Moore*, 605 S.W.2d at 926; *see Sanchez*, 603 S.W.2d at 871; *Burns*, 835 S.W.2d at 735.

Here, even assuming that the evidence was insufficient to prove that Esquivel failed to provide a change of address, Esquivel still pleaded true to other violations of his community supervision. These multiple pleas of "true" are enough to sustain his revocation. *See Moore*, 605 S.W.2d at 926. We overrule Esquivel's first issue.

### 2.    Failure to Pay Court Costs

By his second issue, Esquivel contends that the trial court abused its discretion because the State allegedly did not prove that his failure to pay court costs was

4

intentional.    Again, however, we note that Esquivel pleaded "true" to other violations of his community supervision terms.    *See Moore, 605 S.W.2d at 926; Sanchez*, 603 S.W.2d at 871; *Burns*, 835 S.W.2d at 735.

Because one plea of true is sufficient to revoke probation, we need not analyze whether the State did not prove the *mens rea* of this one violation of a term of community supervision.    *See* TEX. R. APP. P. 47.1 (providing that the court of appeals "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").    We overrule Esquivel's second issue.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    Applicable Law and Standard of Review

The United States Supreme Court set forth a two-part test in *Strickland v. Washington* to determine whether a criminal defendant had ineffective assistance of counsel.    *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).    The *Strickland* test first requires the appellant to demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness.    *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see Strickland,* 466 U.S. at 687.    Assuming the appellant has demonstrated deficient assistance, he or she must then show that there is a reasonable probability that the final result would have been different but for counsel's errors.    *Thompson,* 9 S.W.3d at 812–13.

5

The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's actions could be considered a sound trial strategy. *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court should not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales,* 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson,* 9 S.W.3d at 813 (citing *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the wide range of reasonable professional assistance. *Id.* We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case. *Id.* The court of criminal appeals has made clear that, in most cases, a silent record providing no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

**B. Discussion**

Esquivel contends that he received ineffective assistance of counsel when his attorney advised him to plead true to failing to pay court costs because he had an affirmative defense that he was indigent.

Assuming without deciding that Esquivel's attorney's advice was deficient for failing to pursue an alleged affirmative defense, we conclude that there is no reasonable

6

probability that the final result would have been different but for counsel's errors. *Thompson,* 9 S.W.3d at 812–13. Esquivel pleaded true to violating conditions of both of his community supervision terms. As noted earlier, a plea of true to any one condition is sufficient to revoke probation. *See Moore*, 605 S.W.2d at 926; *Herrera*, 951 S.W.2d at 199; *Jones*, 112 S.W.3d at 268. Accordingly, we hold that there is no reasonable probability that the end convictions would have been different. *Thompson,* 9 S.W.3d at 812–13. We overrule Esquivel's third issue.

### IV. CONCLUSION

Having overruled all of Esquivel's issues, we affirm the judgments of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of July, 2012.