ACCEPTED
06-14-00195-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/15/2015 8:44:29 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00195-CR

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/15/2015 8:44:29 AM
DEBBIE AUTREY
Clerk

JERRY LEON MCNEIL,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appealed from the 115th Judicial District Court
Marion County, Texas
Trial Court Cause No. F13586

**BRIEF OF APPELLANT
IN SUPPORT OF MOTION TO WITHDRAW**

Submitted by:


James P. Finstrom
Counsel for Appellant
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
State Bar #07038000



APPELLANT DOES NOT REQUEST ORAL ARGUMENT

# IDENTITY OF PARTIES AND COUNSEL
### Pursuant to T.R.A.P. 38.1(a)

Appellant:  Jerry Leon McNeil
                Institutional Division of Texas Department
                    of Criminal Justice

Appellant's Counsel for Appellant at trial and on appeal:

        Hon. James P. Finstrom
        P.O. Box 276
        Jefferson, Texas 75657

State's Counsel at trial and on appeal:

        Hon. Angela Smoak, County Attorney
        102 West Austin Street
        Jefferson, Texas 75657

Trial Judge:

        Hon. Lauren Parish, Judge,
        115th Judicial District Court
        Marion County, Texas

# TABLE OF CONTENTS
Pursuant to T.R.A.P. 38.1(b)

Page

IDENTITY OF PARTIES AND COUNSEL                    2

TABLE OF CONTENTS                                 3

INDEX OF AUTHORITIES                              5

STATEMENT OF THE CASE                             6

ISSUE PRESENTED                                   7

ISSUE NO. 1:  DOES THE ISSUE WHETHER THE EVIDENCE IS
SUFFICIENT TO SUSTAIN THE COURT'S ORDER REVOKING
APPELLANT'S PROBATION HAVE MERIT ON APPEAL?

ISSUE NO. 2:  DOES THE ISSUE WHETHER THE JUDICIAL
CONFESSION OF APPELLANT WHEN HE PLEAD GUILTY AND
WAS PUT ON PROBATION IS SUFFICIENT TO SUSTAIN
THE JUDGMENT OF THE TRIAL COURT FINDING HIM GUILTY
AFTER HIS PLEA OF GUILTY HAVE MERIT ON APPEAL?

ISSUE NO. ONE (Restated)                          7

DOES THE ISSUE WHETHER THE EVIDENCE IS SUFFICIENT TO
SUSTAIN THE COURT'S ORDER REVOKING APPELLANT'S
PROBATION HAVE MERIT ON APPEAL?

SUMMARY OF THE ARGUMENT                           7

ARGUMENT (Issue No. 1)                            8

ISSUE NO. TWO (Restated)                                                                          8

DOES THE ISSUE WHETHER THE JUDICIAL
CONFESSION OF APPELLANT WHEN HE PLEAD GUILTY AND
WAS PUT ON PROBATION IS SUFFICIENT TO SUSTAIN
THE JUDGMENT OF THE TRIAL COURT FINDING HIM GUILTY
AFTER HIS PLEA OF GUILTY HAVE MERIT ON APPEAL?

SUMMARY OF THE ARGUMENT                                                      8

ARGUMENT (Issue No. 2)                                                              9

PRAYER                                                                                            9

CERTIFICATE OF SERVICE                                                          10

## INDEX OF AUTHORITIES
### Pursuant to T.R.A.P. 38.1(c)

Cases:                                                    Page

Burns v. State, 835 S.W.2d 733                              7
    (Tex.App.—Corpus Christi 1992, p.d.r. ref.)

Dinnery v. State, 592 S.W.2d 343 (Crim.App. 1970)          8


Statutes:

All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise noted.

## STATEMENT OF THE CASE
### Pursuant to T.R.A.P. 38.1(d)

Appellant waived indictment and entered a plea of guilty on March 21, 2005, to an information alleging the third degree felony offense of possession of a controlled substance on March 11, 2005, and received a ten (10) year sentence in the Institutional Division of the Texas Department of Criminal Justice probated for 10 years and a $2000.00 fine. (CR 4-10)  On June 17, 2014, Appellee filed State's Petition to Revoke Probated Judgment.  (CR 16-17)  On October 27, 2014, Appellant entered a plea of true to alleged violations nos. 1 and 2 and not true to alleged violation no. 4 and the Court heard evidence on the State's motion and revoked Appellant's probation, sentencing him to 10 years in the Institutional Division of the Texas Department of Criminal Justice.  (CR 19-20)   The court found that the allegation Nos. 1, 2 and 4 were true.  (CR 19-20)   Appellant gave timely pro se notice of appeal on November 10, 2014.  (CR 21)  Counsel was appointed to represent Appellant on appeal on November 17, 2014. (CR 22)  Counsel for Appellant believes that the appeal of this cause is without merit and submits this brief with his motion to withdraw.

Counsel for Appellant is sending a copy of this Brief and a copy of the clerk's transcript and court reporter's record to Appellant the date this Brief is filed.

**ISSUES PRESENTED**
Pursuant to T.R.A.P. 38.1(e)

ISSUE NO 1:   DOES THE ISSUE WHETHER THE EVIDENCE IS SUFFICIENT TO SUSTAIN THE COURT'S ORDER REVOKING APPELLANT'S PROBATION HAVE MERIT ON APPEAL?

ISSUE NO. 2:  IS THE JUDICIAL CONFESSION OF APPELLANT WHEN HE PLEAD GUILTY AND WAS PUT ON PROBATION SUFFIENT TO SUSTAIN HIS PLEA OF GUILTY.

ISSUE NO. ONE

(Restated)

DOES THE ISSUE WHETHER THE EVIDENCE IS SUFFICIENT TO SUSTAIN THE COURT'S ORDER REVOKING APPELLANT'S PROBATION HAVE MERIT ON APPEAL?

SUMMARY OF THE ARGUMENT
Pursuant to T.R.A.P. 38.1(g)

Appellant discerns no potential issues to be raised on the appeal of this cause other than the sufficiency of evidence to support the judgment of the trial court finding Appellant guilty and probating his sentence and the sufficiency of the evidence to support the order of the trial court revoking his probation.  Neither have merit under the

authorities hereinafter set forth.  No other issues were raised in the record.

## ARGUMENT

Pursuant to T.R.A.P. 38.1(h)
Issue No. 1

Appellant entered pleas of true to two of the violation of probation alleged against him.  These alone are sufficient to sustain the trial court's order revoking probation.  See Burns v. State, 835 S.W.2d 733 (Tex.App.—Corpus Christi 1992, p.d.r. ref.)  There are no other issues legal presented in connection with the revocation proceeding which might arguably result in reversal of the trial court's order revoking probation.

## ISSUE NO. TWO

(Restated)

IS THE JUDICIAL CONFESSION OF APPELLANT WHEN HE PLEAD GUILTY AND WAS PUT ON PROBATION SUFFIENT TO SUSTAIN HIS PLEA OF GUILTY.

SUMMARY OF THE ARGUMENT
Pursuant to T.R.A.P. 38.1(g)

See summary presented for Issue No. 1 above.

ARGUMENT

Pursuant to T.R.A.P. 38.1(h)
Issue No. 2

It has long been the law that a judicial confession standing alone is sufficient to support a finding of guilty and assessment of punishment after a plea of guilty. See <u>Dinnery v. State</u>, 592 S.W.2d 343 (Crim.App. 1970) No other issues were preserved for appeal in connection with Appellant's plea of guilty as part of a plea bargain.

PRAYER

Upon the issues presented, counsel for Appellant, Jerry Leon McNeil, is of the opinion that Appellant's appeal is without merit in this case prays that he be permitted to withdraw in this case and for such other and further relief to which he may be entitled.

Respectfully submitted,


 _/s/James P. Finstrom_____
James P. Finstrom
Counsel for Appellant
202 S. Marshall,
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
Texas Bar #07038000

**CERTIFICATE OF SERVICE**

I certify that I have delivered a true copy of this brief to Hon. Angela Smoak, counsel for the State, and to Appellant by United States mail, first class postage prepaid, at the Titus County jail, 304 S. Van Buren, Mt. Pleasant, Texas 75455, on this 15th day of January, 2015.

                            /s/James P. Finstrom
                            James P. Finstrom