**Darwynne BREWER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44241.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

J. Worth Fullingim, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty and was convicted May 29, 1968, for theft by false pretext of property over the value of $50.00. His punishment was assessed at three years. He was placed on probation with one of the conditions being that he "commit no offense against the laws of this or any other State or the United States."

An amended motion to revoke probation was filed September 1, 1970, sufficiently alleging violations of the laws of this State by passing two worthless checks. A second amended motion to revoke probation alleging a total of four offenses of passing worthless checks with intent to defraud was filed. The court would not hear evidence on the second but considered the first amended motion.

The court revoked probation September 28, 1970, and made findings which were sufficient to show that he had violated Article 567b, Vernon's Ann.P.C., the worthless or "hot" check statute.

The proof showed that the appellant was previously convicted and that he passed the check to John Dimick, as well as the other check alleged in the motion to revoke after the account in the bank upon which the check was drawn had been closed and when he did not have sufficient funds on deposit to pay the check.

■ First, the appellant complains that the court erred in permitting the State to offer proof under the amended motion to revoke dated September 1, 1970, and that the proof should have been offered on the original motion filed August 4, 1970. He contends that to allow the State the privilege of selecting which pleading to rely upon constitutes fundamental error.

No objection was made to the hearing on the amended motion to revoke. An objection was made to the second amended motion and it was sustained. The record shows that the appellant and his counsel had a copy of the pleading upon which the order of revocation was based. No question of notice was raised. No error is shown.

■ Next, he complains that since the registered letter giving notice that the unpaid check was returned to Dimick was not actually received by him, the court erred in finding there was intent to defraud. It appears that the terms of Article 567b, Sections 2 and 3, supra, concerning notice in order to show prima facie evidence of intent to defraud were complied with. Assuming that they were not complied with, the court had sufficient evidence to show a violation of the law as alleged in the motion to revoke probation. Such notice is not required. No abuse of discretion has been shown.

The judgment is affirmed.