

# NUMBER 13-10-00456-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**JIMMY WILLIAMS,**                                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

**On appeal from the 319th District Court
of Nueces County, Texas**

_____

## MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Jimmy Williams, appeals from an order revoking probation.  By three issues, appellant argues:  (1) the trial court abused its discretion by allowing the State to orally amend its motion to revoke probation; (2) his trial counsel provided ineffective assistance; (3) the punishment assessed was disproportionate to the seriousness of the alleged offense.  We affirm.

## I. BACKGROUND

A jury found appellant guilty of two counts of aggravated robbery, a first degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West 2003). Appellant was assessed a concurrent-suspended sentence of ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, placed on community supervision for a period of ten years, and ordered to pay a fine of ten thousand dollars.

During appellant's community supervision, the trial court entered multiple "Orders Imposing Sanctions on Defendant and Continuing or Modifying Probation." The State's "Original Motion to Revoke Probation" alleges appellant violated conditions of his community supervision by: (1) committing an offense against the law by making a terroristic threat; (2) failing to pay various fees and costs; and (3) failing to complete an anger-rage, insight, and resolution program. At the hearing on the State's motion to revoke, the State announced it was making an oral amendment to its motion to revoke. Appellant's attorney responded "We have no objection to the lack of notice." Thereafter, but prior to the presentation of evidence, the State orally amended its motion to revoke to include the "subsequent offense of violation of a protective order" for which appellant was arrested on July 27, 2010. Appellant's attorney responded: "No objection to that amendment, Your Honor."

After the trial court discussed the "Court's Written Admonishments to Defendant in Revocation and/or Adjudication Proceedings,"[1] appellant pleaded true to all of the allegations included in the State's motion to revoke, except for the allegation that he

---

[1] The written admonishments included a section entitled "Defendant's Waiver of Rights," wherein appellant expressly waived both the reading of the motion and the right for his court-appointed attorney to be given ten days to prepare for the hearing on the motion to revoke.

committed a terroristic threat. Appellant also pleaded true to the State's oral amendment that he violated a protective order. The trial court accepted appellant's pleas of true, and held an evidentiary hearing on the terroristic threat allegation. After the hearing, the trial court found the terroristic threat allegation to be not true. The trial court revoked appellant's community supervision and imposed the original ten year sentence. Appellant brought this appeal.

## II. ANALYSIS

### A. Oral Amendment

In his first issue, appellant argues the trial court abused its discretion when it allowed the State to orally amend its motion to revoke probation at the hearing and allowed that motion to become a basis for the revocation of probation. When the State moved to amend its motion during the hearing, the following exchange transpired:

| Prosecutor: | We need about five minutes, Judge. The reason is that there's going to be an oral amendment to this application and we're trying to get that prepared so we can read it into the record. |
|---|---|
| | . . . . |
| Defense: | And we have no objection to the lack of notice. |

Thereafter, Isabel Noyola Martin testified for the State regarding the oral amendment to the State's motion to revoke:

| Prosecutor: | Isabel, is there an oral amendment that you want to make to this motion to revoke? |
|---|---|
| Witness: | Yes. |
| Prosecutor: | And what is that? |
| Witness: | Subsequent offense, alleged subsequent offense of violation of protective order. |

3

. . . .

Witness:            Yes.  Well I don't know if that's the occurrence, but that's when he was taken into custody.

Prosecutor:         7-27 what?

Witness:            July 27 of twenty-ten, 2010.

Defense:            No objection to that amendment, Your Honor.

After the trial court discussed the written admonishments with appellant, and confirmed that appellant understood his rights and that his pleas were being made voluntarily, the following exchange occurred:

The Court:          And then I guess the oral allegation is that if you committed a new offense on July 27, 2010, and that was . . . [a] violation of a protective order.  Is this true or not true?

The Defendant:      It's true, your Honor.

                    . . . .

The Court:          The Court does accept the pleas of true to the allegations. . . and then also the oral allegation of violating the protective order.  The Court also accepts the plea of not true to the terroristic threat and will hear from the State.
The Prosecutor:     Judge, the State will rely on the defendant's pleas of true and will have some testimony as to the not true, paragraph 1 [terroristic threat].

Appellant did not object at the hearing regarding the oral amendment, and the trial court found appellant violated all but the terroristic threat allegation alleged in the written motion to revoke.  The trial court further found appellant violated the protective order, as alleged in the oral amendment.  No motion for new trial was filed.

Any objection to the lack of notice of an amendment to the motion to revoke must be raised in the trial court, and error must be shown.  *Brewer v. State*, 473 S.W.2d 938, 939 (Tex. Crim. App. 1971).  The failure to object to an untimely amendment to a motion

4

to revoke waives any error. *Burns v. State,* 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref'd). Because appellant failed to raise his complaint in the trial court, he waived this issue for appeal.[2] *See* TEX. R. APP. P. 33.1; *Burns,* 835 S.W.2d at 735.

Moreover, a plea of true, standing alone, is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W. 2d 127, 128 (Tex. Crim. App. 1979) (panel op.). Thus, untimely amendments to motions to revoke are harmless when the probationer pleads true to the alleged violations. *See Lopez v. State*, 318 S.W.3d 910, 916–17 (Tex. App.—Corpus Christi 2010, no pet.); *Martinez v. State,* 635 S.W.2d 762, 766 (Tex. App.—Corpus Christi 1982, no pet.). No harm exists because appellant pleaded true to violating several conditions of his probation, including the oral amendment. *See* TEX. R. APP. P. 44.2(b); *Lopez,* 318 S.W.3d at 916–17.

As part of his first issue, appellant argues the State's written motion to revoke was superseded by the oral amendment, and that it was error for the trial court to have based its judgment of revocation upon the State's written motion. It is a question of intent regarding whether the filing of a later motion to revoke supplements an existing motion to revoke or amends or supersedes it. See *Herrera v. State,* 951 S.W.2d 197, 198–99 (Tex. App.—Corpus Christi 1997, no pet.) (upholding the propriety of a second motion to revoke, as an additional motion that did not amend or supersede the first

---

[2] Appellant includes numerous contentions in the argument of his first issue, none of which were raised in the trial court. Inasmuch as appellant did not object on any of these other grounds, he also waived review of those contentions on appeal. TEX. R. APP. P. 33.1. Further, by combining more than one contention in a single point of error, appellant risked rejection on the ground nothing is presented for review. *See* TEX. R. APP. P. 38.1 (i); *Russell v. State,* 598 S.W.2d 238, 246 (Tex. Crim. App. 1980); *Taylor v. State,* 190 S.W.3d 758, 764 (Tex. App.—Corpus Christi 2006)**,** *rev'd on other grounds,* 233 S.W.3d 356 (Tex. Crim. App.2007). We decline to address the unpreserved, multifarious issues. *See* TEX. R. APP. P. 38.1; *Taylor*, 190 S.W.3d at 764.

motion, but left it pending); *see also Troutt v. Stat,* No. 01-99-00134-CR, 2000 WL 1641130, at *1 (Tex. App.—Houston [1st Dist.], Nov. 2, 2000, pet. ref'd) (not designated for publication) (concluding that error was waived when the parties agreed to proceed on an original motion though it had been nullified by amendment).

The record shows the State did not intend for the oral amendment to supplant the State's original motion to revoke by its use of the term "amendment" during the hearing. Rather, the trial court and all parties proceeded as though the State supplemented its written motion to revoke. The trial court considered, made findings, and based its judgment on both the violations included in the written motion to revoke and the oral supplementation. We overrule appellant's first issue.

### B.    Ineffective Assistance

In his second issue, appellant claims ineffective assistance of counsel on the sole ground that his trial counsel failed to object to the oral amendment because of its tardiness and because it was not reduced to writing. We disagree.

The defendant has the burden to establish ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689 (1984). To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88 (1984); *Dewberry v. State,* 4 S.W.3d 735, 757 (Tex. Crim. App. 1999). The

6

record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Where the record does not do so, counsel is presumed effective. *Id.* When the purported ineffectiveness surrounds the allegation of a failure to object, appellant must show that an objection to the amendment would have been sustained. *See Vaughn v. State*, 931 S.W.3d 564, 566–67 (Tex. Crim. App. 1996); *Cueva v. State,* 339 S.W.3d 839, 891 (Tex. App.—Corpus Christi 2011, pet. ref'd).

Appellant did not file a motion for new trial or otherwise object to the ineffective assistance of counsel in the trial court, and no evidence was adduced regarding trial counsel's trial strategy. The record does not show appellant's counsel's representation fell below an objective standard of reasonableness. Rather, the record shows that trial counsel fully participated in the proceedings and that he was successful in challenging one of the State's allegations—commission of a terroristic threat. Counsel's trial strategy may have been to have had the protective order violation tried in the same proceeding, so as to avoid further prosecution regarding that allegation.

When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show trial counsel's performance was deficient. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim.App. 2002); *Aldaba v. State,* No. 14–08–00417–CR, 2009 WL 1057687, at *5 (Tex.App.-Houston [14th Dist.] April 16, 2009, pet. ref'd). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). The Texas Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective

assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex.Crim.App.2005). On a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005); *De Leon v. State,* Cause No., 13-09-00606-CR, 2011 WL 3847180, 7 (Tex. App.—Corpus Christi 2011, no pet.).

Appellant failed to show that a properly asserted objection would have been sustained. *Vaughn*, 931 S.W.3d at 566–67. However, even assuming, without deciding, some error existed regarding the trial amendment, appellant had the burden to show prejudice by demonstrating that, but for the error, the result of the proceeding would have been different. *See Lopez,* 318 S.W.3d at 917 (concluding that probationer failed to show prejudice when he pleaded true to violations and nothing in the record showed that a continuance to allow compliance with the statute would have resulted in a different plea). Appellant pleaded true to the other violations of his probation conditions, such that the oral supplement would not have changed the outcome of the proceeding. A single violation of probation conditions is sufficient to support the trial court's decision to revoke probation. *See Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Herrera,* 951 S.W.2d at 199. Even if one ground for revocation was improperly amended or added, a probationer's plea of true to other violations constitutes a sufficient basis for the court to revoke probation. *See Burns*, 835 S.W.2d at 736. We overrule appellant's second issue.

## C. Disproportionate Sentence

In this third issue, appellant argues the sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense.

Appellant did not object regarding the constitutionality of the court's sentence, and he did not file a motion for new trial or any other post-verdict motion asserting any constitutional or statutory complaints concerning his sentence. To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Heidelberg v. State,* 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Quintana v. State,* 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd); *see also Montemayor v. State,* No. 13–10–00292–CR, 2011 WL 1844449, at *3 (Tex. App.—Corpus Christi March 17, 2011, no pet.) (mem. op., not designated for publication). Almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Kim v. State,* 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Appellant failed to preserve this issue for review on appeal. *See* TEX. R. APP. P. 33.1. We overrule appellant's third issue.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
JUSTICE

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of February, 2012.